PER CURIAM.
In this workers’ compensation appeal, the employer/carrier (E/C) challenges an order of the Judge of Compensation Claims (JCC) which found Claimant’s cervical herniations were compensable and awarded medical and indemnity benefits. The E/C raises six issues on appeal, challenging various aspects of the order. We affirm in part, reverse in part, and remand for additional proceedings.
Compensability
Competent substantial evidence supports the JCC’s finding that Claimant suffered cervical herniations caused in major *78 part by his work activities on April 15, 2008. Further, the E/C’s arguments relating to compensability of the cervical herni-ations are predicated on a view of the evidence permissibly rejected by the JCC. Accordingly, we affirm the JCC’s findings of compensability.
We do not reach the E/C’s argument that the JCC should have excluded the opinion testimony of Claimant’s independent medical examiner (IME) based on the amount he charged for deposition testimony. The E/C knew, at the time of the deposition, the amount of the doctor’s charges; thus, by not timely objecting to those charges, the E/C waived any argument directed thereto. See Shea v. Durty Two, Inc., 738 So.2d 510 (Fla. 1st DCA 1999) (stating objection to doctor’s status as an IME must be made at or before the time medical opinion testimony is rendered). Therefore, we also need not reach the issue of whether under the current workers’ compensation law, a properly designated IME loses this status (and thus, the accompanying ability to provide medical opinion testimony) upon charging an impermissible amount for deposition testimony.
Temporary Indemnity Benefits
Regarding the JCC’s award of temporary total disability (TTD) benefits from April 21, 2008, through February 6, 2009, Claimant concedes competent substantial evidence does not support the entirety of the award, but argues TTD is justified for an unspecified period of time surrounding his surgery. In addition, Claimant argues the case should be remanded for a determination as to his entitlement to temporary partial disability (TPD) benefits which were pled in the alternative. There is little question that Claimant’s four-day hospitalization (from October 24, 2008, through October 27, 2008) for a two-level diskectomy and fusion qualifies as a period of total disability, and thus, we affirm the award of TTD for this period. Because the record may establish a sufficient basis for the award of TPD benefits for the remainder of the period in question, and because Claimant’s entitlement to TPD was not addressed by the JCC (by virtue of the alternative award of TTD), we remand for additional proceedings to determine Claimant’s entitlement to TPD benefits from April 21, 2008, through October 28, 2008, and for the period of October 28, 2008, through February 6, 2009.
Medical Bills and Expenses
Relative to the medical bills and expenses awarded by the JCC, the E/C made it clear in the pretrial stipulation that it was requiring Claimant to prove each and every bill and expenditure relating to the injuries claimed as compensable, and it would not agree to handle this issue as an administrative matter. Claimant did not move for bifurcation of the trial proceedings by requesting severance of the issue of compensability from those issues relating to the precise benefits awardable, as permitted by Florida Rule of Appellate Procedure 9.180(b)(1)(C). Claimant also did not seek any other form of relief or reservation on the multitude of medical bills he pled and placed at issue before the JCC, as permitted by section 440.29(1), Florida Statutes. The record reflects Claimant introduced 95 pages of bills, costs, and expenditures which were allegedly incurred as a result of his workplace accident and injuries. However, Claimant failed to introduce any meaningful evidence connecting, or otherwise correlating, a vast majority of the bills to the medical services received.
By review of the record, we conclude competent substantial evidence supports the JCC’s award of the January 9, 2009, bill from Doctors Hospital for services pro *79 vided from September 22, 2009, through September 24, 2009. The bill corresponds to a hospital admission (the details of which are demonstrated by admissible medical records) during which Claimant’s compensable injuries were evaluated and it was recommended Claimant undergo surgery at Jackson Memorial Hospital, treatment which the JCC found was reasonable and necessary. Likewise, competent substantial evidence supports the JCC’s award of a February 27, 2009, bill from Jackson Health Systems (Jackson Memorial Hospital) which corresponds with Claimant’s admission to Jackson Memorial Hospital for the performance of an anterior cervical diskectomy and fusion at the C5-6 and C6-7 level. This treatment was documented by admissible medical records and was found to be reasonable and necessary by the JCC.
Because the two aforementioned bills are relevant and probative of charges incurred for definitive surgical and pre-sur-gical treatment of herniated discs in the cervical spine (treatment which the JCC found reasonable and necessary), the bills, in tandem with the medical records and medical opinion testimony, create an issue of fact to be resolved by the JCC. See Garrett v. Morris Kirschman & Co., 336 So.2d 566, 571 (Fla.1976) (stating expert testimony is not necessary to render medical bills admissible in evidence). The JCC acted within his prerogative in determining the bills were incurred for the treatment provided by the respective facilities on the dates of treatment reflected on the bills for the compensable injuries.
Significantly, no countervailing evidence was introduced indicating the bills were incurred for conditions other than the com-pensable injuries. Instead, the E/C argued only that the injuries were not com-pensable, and this argument was rejected by the JCC. Because the applicable burden of proof .below was preponderance of the evidence, Claimant’s introduction of relevant and probative evidence on the issue in dispute provided an evidentiary basis from which the JCC could conclude that more likely than not, the aforementioned bills were incurred for the services reflected in the medical records. A JCC’s factual findings must be upheld if any view of the evidence and its permissible inferences supports them. See Ullman v. City of Tampa Parks Dep’t, 625 So.2d 868, 873 (Fla. 1st DCA 1993). Accordingly, here the evidence is sufficient to support the award of the two bills discussed above.
Notwithstanding the foregoing, the remainder of the bills and expense-items pled and placed into evidence by Claimant do not bear any immediately recognizable correlation to any particular (or specific) medical service or modality of treatment, and Claimant failed to connect these bills/expenses in a manner which would allow the JCC (or this court) to engage in meaningful analysis. We, therefore, must reverse the JCC’s award of these medical expenses. We are now required to determine the appropriate disposition regarding the remaining indefinite medical bills/expenses which were awarded by the JCC.
This court, on a number of occasions, has reversed and remanded for additional proceedings rather than issuing an outright reversal of awards of medical bills where the medical bills were not introduced into evidence. See, e.g., Litton Laser Sys. v. Chapman, 596 So.2d 1212 (Fla. 1st DCA 1992); Town & Country Farms v. Peck, 611 So.2d 63 (Fla. 1st DCA 1992); Teitelbaum Concrete v. Sandelier, 506 So.2d 1122, 1124 (Fla. 1st DCA 1987); Am. Grinding & Equip. v. Rodman, 411 So.2d 917, 918 (Fla. 1st DCA 1982). These cases are silent, however, concerning the circumstances which justify remanding the case to the JCC to allow a party a second *80 opportunity to prove its case. A blanket rule providing a claimant with a second chance to properly connect the medical bills with the compensable injuries is inconsistent with general law as well as sound public policy.
In other areas of the law, appellate courts do not generally provide parties with an opportunity to retry their case upon a failure of proof. See Katz v. Van Der Noord, 546 So.2d 1047, 1048 (Fla.1989) (“Having failed to introduce competent, substantial evidence in regard to this issue [relating to damages for out-of-pocket expenses], the buyer is not entitled to a second bite at the apple.”) (citations omitted); see also Morgan Stanley & Co. v. Coleman (Parent) Holdings Inc., 955 So.2d 1124, 1131 (Fla. 4th DCA 2007) (reversing $1.58 billion verdict where plaintiff failed to utilize correct methods in proving measure of damages); Evans v. Delro Indus., Inc., 509 So.2d 1262, 1264 (Fla. 1st DCA 1987) (“When a cause is reversed for lack of evidence, a new trial cannot be awarded on the theory that some additional evidence might have been available at the former trial and will be presented on retrial, or that some such evidence may be found and will be presented on retrial, and that in either event there may be a different result upon retrial.”) (citations omitted); Ryan v. Wren, 413 So.2d 1223, 1224 (Fla. 2d DCA 1982) (affirming in part, but reversing award of punitive damages where record did not support award). We see no reason to treat workers’ compensation cases differently. This court has consistently stated the law’s preference for finality and its proscription against piecemeal litigation. See, e.g., Boynton Landscape v. Dickinson, 752 So.2d 1236, 1238 (Fla. 1st DCA 2000) (stating in workers’ compensation proceedings, piecemeal litigation of mature claims is no more permissible than in civil litigation). The primary function of this court is to correct errors committed by the lower tribunal, Florida Department of Corrections v. Bradley, 510 So.2d 1122, 1124 (Fla. 1st DCA 1987), not to serve as a conduit for unnecessarily protracted, piecemeal litigation.
Today we write to clarify that, in future cases, where the party with the burden of proof fails to establish an evi-dentiary basis for the damages awarded at trial, the general rule applies and (absent an exceptional legal or factual basis warranting a contrary result) simple reversal is warranted. See Katz, 546 So.2d at 1048; see also Evans, 509 So.2d at 1264 (explaining reversal and remand for new trial should be granted only where exceptional circumstances warrant such disposition). We see no legitimate reason to give a party an “extra bite of the apple” or an “extra inning” after the game has concluded and it has failed to score a sufficient number of runs.
Nevertheless, we reluctantly remand to the JCC for further proceedings in this instance. In light of the lack of clarity in our previous decisions as well as our clarification that in those cases where medical expenses are specifically controverted, the mere introduction of medical bills may not be sufficient to prove entitlement, fairness dictates this case be remanded for further proceedings as to the medical expenses.
Based on the foregoing, we AFFIRM the JCC’s finding of a compensable accident and injury, AFFIRM the award of TTD from October 24, 2008, through October 27, 2008, AFFIRM the aforementioned medical bills from Doctors Hospital and Jackson Memorial Hospital, and REVERSE and REMAND the remainder of the indemnity award for a determination of Claimant’s entitlement to TPD for the periods in question, and the remainder of the medical bills for additional proceedings consistent with this opinion.
*81 WOLF and THOMAS, JJ., concur. MARSTILLER, J., concurs in part and dissents in part with opinion.