IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANASTACIA S. LACOMBE and
MAX P. LACOMBE,

        Appellants,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
for LONG BEACH MORTGAGE
LOAN TRUST,

        Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4094

Opinion filed October 14, 2014.

An appeal from the Circuit Court for Duval County.
A. C. Soud, Jr., Judge.

Austin T. Brown of Parker & DuFresne, P.A., Jacksonville, for Appellant.

Jeffrey S. York and N. Mark New, II of McGlinchey Stafford, Jacksonville and
Latoya O. Fairclough, Choice Legal Group, P.A., Fort Lauderdale, for Appellee.

PER CURIAM.

      The Lacombes, defendants below, appeal the final judgment of foreclosure

against them and in favor of Deutsche Bank National Trust Co., as Trustee for

Long Beach Mortgage Loan Trust 2006-2 ("Deutsche Bank"). Appellants assert

that the evidence presented at the bench trial was insufficient to support the trial court's judgment because Deutsche Bank's documents and witness did not prove the bank's standing to bring the foreclosure action. We agree and the judgment is thus reversed.

Because the final judgment was based on a bench trial and Appellants challenge the sufficiency of the evidence to support the judgment, the general rule requiring specific contemporaneous objection to preserve the asserted error for appeal does not apply. Rather, rule 1.530(e), Florida Rules of Civil Procedure allows review of the sufficiency of the evidence despite any deficiencies in the objections made at trial and absence of post-trial motions. Rule 1.530(e) applies to appeals challenging the sufficiency of the evidence in mortgage foreclosure actions after bench trial. See Correa v. U.S. Bank N.A., 118 So. 3d 952, 954 (Fla. 2d DCA 2013). Accordingly, Appellants' challenge to the sufficiency of the evidence is properly before this court.

We review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo*. Dixon v. Express Equity Lending Grp., 125 So. 3d 965 (Fla. 4th DCA 2013).

Deutsche Bank commenced its foreclosure action on February 19, 2008, by filing its complaint, together with a promissory note payable to Tower Mortgage and Financial Services and secured by a mortgage on Appellants' residential real

2

property. The note was "payable to order" under section 673.1091, Florida Statutes because it specifically named Tower Mortgage as the payee. The note itself did not contain any indorsement, but an allonge signed by a representative of Tower Mortgage was attached to the note and filed with the complaint.[1] The allonge was a "special indorsement" because it named a specific payee, Long Beach Mortgage Company. § 673.2051(1), Fla. Stat. Negotiation of the note thus required both possession and an indorsement by Long Beach Mortgage Company. Id.

Deutsche Bank alleged in its complaint that it was the owner of the note. In every pleading and other filing, Appellants denied this allegation. Appellants raised the affirmative defense that Deutsche Bank lacked standing to enforce the note and failed to acquire an interest in the note prior to the filing of the lawsuit. See Mazine v. M & I Bank, 67 So. 3d 1129 (Fla. 1st DCA 2011) (party seeking foreclosure must prove it owns and holds note and mortgage to establish standing). Accordingly, throughout the litigation Appellants disputed the fact of Deutsche Bank's right to enforce the note and attendant standing to maintain an action for foreclosure. Deutsche Bank's ownership of the note was thus an issue it was required to prove. Gee v. U.S. Bank Nat. Ass'n, 72 So. 3d 211, 214 (Fla. 5th DCA 2011) ("When [defendant] denied that U.S. Bank had an interest in the Mortgage,

---

[1] "In essence, an allonge is simply an elegant-sounding legal term for a supplemental attachment to a note in which endorsements to subsequent note holders may be identified." Wells Fargo Bank, N.A. v. Bohatka, 112 So. 3d 596, 598 (Fla. 1st DCA 2013).

ownership became an issue that U.S. Bank, as the plaintiff, was required to prove.").

At trial, as proof of its ownership and standing to enforce the note, Deutsche Bank presented the testimony of Andrew Benefield, case manager for Select Portfolio Servicing ("SPS"), and five exhibits.

Exhibit 1 was a Limited Power of Attorney under which SPS obtained certain powers from JPMorgan Chase Bank, N.A. (described as "Master Servicer") and Deutsche Bank National Trust Company as Trustee (described as "Trustee") "in connection with all mortgage or other loans serviced by Master Servicer" including foreclosure on the Trustee's interest in mortgage notes. Attached to the Power of Attorney was Exhibit A, a list of thirty-five "Pooling and Servicing Agreements" governing groups of "asset-backed certificates." While exhibit 1 shows that JPMorgan Chase and Deutsche Bank transferred certain powers to SPS in 2013, it is not clear from Exhibit 1 or Mr. Benefield's testimony that the particular note and mortgage executed by Appellants in 2005 and endorsed by Tower Mortgage to Long Beach Mortgage Company is one of the mortgages affected by one of the multitude of pooling and servicing agreements referenced in the attachment.

Exhibit 2 consisted of the note and mortgage. As previously noted, the only indorsement of the note was from Tower Mortgage to Long Beach Mortgage

4

Company.

Deutsche Bank's Exhibit 3 consisted of a collection of nine pages from one or more documents. The first page of this exhibit is a title page of a Pooling and Servicing Agreement with the phrase "dated as of March 1, 2006" under the title. The parties listed on this page are Long Beach Securities Corp., Long Beach Mortgage Company, and Deutsche Bank National Trust Company. The next five pages of the exhibit are signature and notarization pages. The seventh page is entitled "Summary of Terms" and states:

> The following summary highlights selected information from this prospectus supplement. It does not contain all of the information that you need to consider in making your investment decision. To understand the terms of the offered certificates, read carefully this entire prospectus supplement and the accompanying prospectus.

The final three pages of Exhibit 3 appear to be computer-generated print-outs of single lines of data which might or might not correspond to Appellants' note and mortgage. These pages were not authenticated by the witness and their significance was not explained by Mr. Benefield's testimony or any other evidence. See LaFrance v. U.S. Bank Nat. Ass'n, 141 So. 3d 754, 756 (Fla. 4th DCA 2014) (reversing summary judgment for Bank due to failure of proof that Bank was owner of note prior to filing of complaint; loan servicing records without any explanation failed to prove Bank was owner of note).

Although Mr. Benefield repeatedly testified that he was relying on "the

5

pooling and servicing agreement" for proof that Deutsche Bank had standing to enforce the note, no actual pooling and servicing agreement, indorsement, or other evidence of negotiation of the note at issue from Long Beach Mortgage Company to any entity is contained in Plaintiff's Exhibit 3 or elsewhere in the record. Deutsche Bank's evidence to prove its right to enforce the Note, including Mr. Benefield's testimony, is incoherent. Mr. Benefield testified that he did not know why pooling and service agreements were so entitled, did not know whether Exhibit 3 was a composite exhibit from several documents or an incomplete copy of a single document, and did not address the meaning of the page which referenced a "Prospectus Settlement" and "information . . . to consider in making your investment decision." Exhibit 3 fails to support any finding that the Note between Tower Mortgage and the Lacombes was ever negotiated, by subsequent indorsement or otherwise, to Deutsche Bank. The composite document admitted as Exhibit 3 and the testimony of Mr. Benefield were not competent or substantial evidence even to *tend* to prove Deutsche Bank's standing to enforce the Note.

Exhibit 4 was a copy of a letter entitled "Notice of Intent to Accelerate," addressed to Mrs. Lacombe from Washington Mutual in Chatsworth California, dated December 5, 2007. The letter has no certificate of service, return receipt, or other indication from a courier or delivery service that it was actually received by the addressee. Appellants' pleadings consistently denied ever receiving this letter.

6

Although Mr. Benefield was questioned about this document, he had no personal information about its authenticity or delivery. It was never suggested that he ever worked for Washington Mutual or had any knowledge about the creation of the letter or about Washington Mutual's business practices regarding such letters, as would be required to admit the hearsay document as a business record. See § 90.803(6), Fla. Stat.

Finally, Deutsche Bank's Exhibit 5 was submitted as a "payment history" for the debt at issue. The computer-generated pages indicate preparation by SPS for some pages and Washington Mutual Bank for other. Counsel for Appellants objected to the lack of foundation to admit this hearsay document into evidence and noted that Mr. Benefield was not a records custodian for SPS or any of the previous loan servicers. See §§ 90.801, 90.803(6), Fla. Stat. The court overruled the objection without discussion and the document was admitted into evidence.

It is well-settled that:

> A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note. McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). But standing must be established as of the time of filing the foreclosure complaint.

Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013) (footnote omitted). Even if exhibits 1, 3, 4 and 5—admitted by the trial court—had

7

been relevant, properly authenticated, and qualified for the business records exception to the hearsay rule, see Hunter v. Aurora Loan Services, LLC, 137 So. 3d 570 (Fla. 1st DCA 2014), none of Deutsche Bank's exhibits qualifies as an indorsement from Long Beach Mortgage to Deutsche Bank, an assignment from Long Beach Mortgage to Deutsche Bank, or an affidavit otherwise proving the plaintiff's standing to bring the foreclosure action on the note and mortgage at issue as a matter of law. Likewise, the record contains no assertion or proof by Deutsche Bank of its standing under any means identified in section 673.3011, Florida Statutes. See Mazine v. M & I Bank, 67 So. 3d 1129, 1130 (Fla. 1st DCA 2011). Absent evidence of the plaintiff's standing, the final judgment must be reversed.

Appellants also challenge the trial court's pre-trial denial of their motion for summary judgment. However, the trial of the issue of fact regarding plaintiff's right to enforce the note via ownership thereof rendered any error in the denial of summary judgment moot. Sunrise Lakes Condo. Apts., Phase III, Inc. v. Frank, 73 So. 3d 901 (Fla. 4th DCA 2011).

We decline to remand the case for the presentation of additional evidence because "appellate courts do not generally provide parties with an opportunity to retry their case upon a failure of proof." Morton's of Chicago, Inc. v. Lira, 48 So. 3d 76, 80 (Fla. 1st DCA 2010). Deutsche Bank filed its complaint in 2008 and had

8

more than five years until the eventual trial to produce competent evidence to prove its right to enforce the note at the time the suit was filed and prove the amount of the indebtedness. When Deutsche Bank finally tried its case in mid-2013, it relied upon a note secured by a mortgage payable to the order of the original lender, a specific indorsement transferring the debt to an entity other than Deutsche Bank, a single witness employed by the latest in a succession of "loan servicers," and upon unauthenticated, largely unexplained papers it advanced as proof of its standing. This failure of proof after ample opportunity is no reason to provide Deutsche Bank with a second opportunity to prove its case on remand. See Wolkoff v. American Home Mortg. Servicing, Inc., ___ So. 3d ___, 39 Fla. L. Weekly D1159, 2014 WL 2378662 (Fla. 2d DCA May 30, 2014); Correa v. U. S. Bank, N.A., 118 So. 3d 952, 956 (Fla. 2d DCA 2013).

The final judgment of foreclosure is reversed due to the insufficiency of the evidence to support the judgment. This case is remanded for the entry of an order of involuntary dismissal of the action.

BENTON and CLARK, JJ., CONCUR; OSTERHAUS, J., CONCURS IN RESULT.