DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** as Trustee for New
Century Home Equity Loan Trust Series 2005-C Asset Backed Pass
Through Certificates,
Appellant,

v.

**THERESA BOGLIOLI** a/k/a Theresa Brunetto,
Appellee.

No. 4D13-2323

[January 7, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Kathleen Ireland, Judge; L.T. Case No. 08-63102 (11).

Elizabeth T. Frau and Christopher A. Ewbank of Ronald R. Wolfe &
Associates, P.L., Tampa, for appellant.

Michael C. Klasfeld of Michael C. Klasfeld, P.A., Pompano Beach, for
appellee.

PER CURIAM.

Appellant, Deutsche Bank, appeals the final judgment in favor of
appellee, Theresa Boglioli, in a mortgage foreclosure action. Because
appellant failed to present competent, substantial evidence at trial to prove
it had standing at the time it filed the complaint, we affirm the final
judgment.

Appellant filed with the trial court the original note bearing an undated,
blank endorsement, an assignment of note bearing an undated, blank
endorsement, and an assignment of mortgage executed after the date of
the complaint for "value received" on a date prior to the filing of the
complaint. At trial, appellant's sole testifying witness was unable to testify
as to when the note was endorsed, and failed to introduce a pooling and
servicing agreement that she claimed was the method through which
appellant acquired the assignment of note. The witness also acknowledged
that the grantor of the assignments was in bankruptcy but did not know

the specifics of those proceedings. At the conclusion of trial, the circuit court granted appellee's motion for a directed verdict, entering final judgment in favor of appellee upon finding that the alleged assignments to appellant were "during the pendency of the Granter's bankruptcy and therefore of no force or effect." The record on appeal does not contain competent, substantial evidence regarding the bankruptcy proceedings to support the trial court's ruling. However, the evidence at trial failed to demonstrate that appellant had standing to foreclose at the time it filed suit. *See Klemencic v. U.S. Bank Nat'l Ass'n*, 142 So. 3d 983, 984 (Fla. 4th DCA 2014); *Bristol v. Wells Fargo Bank, Nat'l Ass'n*, 137 So. 3d 1130, 1132 (Fla. 4th DCA 2014); *Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1276-78 (Fla. 4th DCA 2013); *Hall v. REO Asset Acquisitions, LLC*, 84 So. 3d 388 (Fla. 4th DCA 2012). Accordingly, we affirm the final judgment under the "tipsy coachman" doctrine[1] based on appellant's failure to demonstrate it had standing to foreclose at the time it filed the complaint.

*Affirmed.*

CIKLIN, GERBER and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.").