DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DIANA JELIC,**
Appellant,

v.

**LASALLE BANK, NATIONAL ASSOCIATION,**
Appellee.

No. 4D13-4040

[March 25, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kenneth Stern, Judge; L.T. Case No. 502009CA004409 XXXXMB AW.

Kendrick Almaguer, Peter Ticktin, Josh Bleil and Michael Vater of The Ticktin Law Group, P.A., Deerfield Beach, for appellant.

Sarah T. Weitz of Weitz & Schwartz, P.A., Fort Lauderdale, for appellee.

STEVENSON, J.

In this appeal of a final judgment of foreclosure, Diana Jelic ("Homeowner") raises two arguments. We find merit in Homeowner's argument that the bank lacked standing to foreclose at the time the complaint was filed. Accordingly, we reverse the final judgment of foreclosure and remand for entry of an order of involuntary dismissal of the action.

*Facts*
On February 4, 2009, LaSalle Bank, National Association ("Bank") filed a foreclosure complaint against Homeowner. It attached to this complaint a copy of the mortgage, executed in favor of Sterling Bank, but not a copy of a note or an assignment of note. About a month after filing its complaint, Bank filed a copy of the note, which contained no blank or special indorsements.

The case proceeded to a non-jury trial. Through its sole witness, a VP and consumer ombudsman for Select Portfolio Servicing, Bank introduced into evidence the original note, two assignments of mortgage and note, and

a portion of a Pooling and Servicing Agreement ("PSA"). The original note contained two undated special indorsements, one from Sterling Bank to Greenpoint Mortgage Funding and the second from Greenpoint Mortgage Funding to Washington Mutual Bank. As for the assignments, the first assigned the note and mortgage from Sterling Bank to MERS, and was executed the same day the mortgage was signed. The second assignment assigned the mortgage and note from MERS to Bank. Notably, it was executed on August 10, 2009, more than six months after Bank filed its foreclosure complaint.

The portion of the PSA introduced at trial consisted of seven pages. The PSA's cover page listed WaMu Asset Acceptance Corporation as the depositor, Washington Mutual Bank as the servicer, and Bank as the trustee. The cut-off date for the trust was listed as April 1, 2006. The remaining six pages contained Homeowner's name, a servicing ID number, loan numbers, and other numeric information. Bank's witness testified that, based on the cut-off date, Homeowner's loan had been transferred into the trust before April 1, 2006.

Homeowner's counsel moved for an involuntary dismissal of the action, arguing Bank lacked standing at the time it initiated the foreclosure action. The trial court found Bank had standing at the time it filed the complaint and entered final judgment in favor of Bank.

*Analysis*

"We review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo*." *Lacombe v. Deutsche Bank Nat'l Trust Co.*, 149 So. 3d 152, 153 (Fla. 1st DCA 2014) (citing *Dixon v. Express Equity Lending Grp., LLLP*, 125 So. 3d 965 (Fla. 4th DCA 2013)).

In a foreclosure case, "the plaintiff must prove that it had standing to foreclose when the complaint was filed." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." *Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310 (Fla. 2d DCA 2013) (citing *McLean*, 79 So. 3d at 173). A plaintiff can also establish standing by submitting evidence that an equitable transfer of the mortgage and note occurred before the filing of a foreclosure complaint. *See McLean*, 79 So. 3d at 173. Considering the various ways a plaintiff can establish standing, we find Bank failed to provide sufficient evidence that it had standing at the time it filed its foreclosure complaint.

*Second Assignment of Note and Mortgage*

First, Bank did not establish standing through the second assignment of the note and mortgage, as the assignment occurred after the foreclosure complaint was filed. *See Rigby v. Wells Fargo Bank, N.A.*, 84 So. 3d 1195, 1195–96 (Fla. 4th DCA 2012) (reversing entry of final summary judgment because the bank failed to establish it had standing to foreclose when the evidence showed the assignment was dated one day after the complaint was filed).

*Original Note*

Further, Bank's submission of the original note at trial did not prove it had standing to foreclose. The special indorsements found on the original note were undated and there was no testimony establishing that these indorsements were affixed to the note prior to the initiation of the foreclosure action. *See McLean*, 79 So. 3d at 174 (finding there was insufficient evidence to establish standing when the original note, submitted after the bank filed its foreclosure complaint, contained an undated special indorsement). More importantly, the undated special indorsement was in favor of Washington Mutual Bank, and not Bank. Under section 673.2051(1), Florida Statutes (2009), when a note contains a special indorsement, the "instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person." *See Dixon*, 125 So. 3d at 967–68 (holding the bank who filed the foreclosure complaint did not have standing to foreclose when the original note contained a special indorsement in favor of another party). Here, the special indorsement on the original note suggests Washington Mutual Bank was the proper party to initiate the foreclosure action.

*Pooling and Servicing Agreement*

Likewise, we find the partial PSA admitted into evidence failed to establish standing in this case. Bank's witness testified that Homeowner's loan was transferred into the trust at some point before the April 1, 2006 cut-off date and that, consequently, Bank owned the note on the day it filed its foreclosure complaint. The import of this testimony, however, is refuted by the second undated special indorsement found on the original note in favor of Washington Mutual Bank. There is no testimony establishing Washington Mutual Bank's role as servicer for the trust. Bank did not submit the portion of the PSA defining "servicer," thus leaving unclear what authority Washington Mutual Bank may have had to enforce the note specially indorsed to it or what control Bank, as trustee under the PSA, had over Washington Mutual Bank. Setting aside the fact that it is undated, the second indorsement suggests Washington Mutual Bank was the proper party to file the foreclosure complaint, and not Bank.

3

*Equitable Transfer of the Note and Mortgage*

Finally, there was no equitable transfer of the mortgage and note in the instant case. While there was some evidence that the mortgage and note were transferred into the trust under the PSA by some unidentified party before the complaint was filed, there is no evidence that this unidentified party had the intent to transfer its interest to Bank.[1] The only evidence of an intent to transfer an interest to Bank—the second assignment—occurred after Bank filed its complaint and came from MERS, a party not listed as a part of the PSA. *Cf. WM Specialty Mortg., LLC v. Salomon*, 874 So. 2d 680, 681–82 (Fla. 4th DCA 2004) (finding an equitable transfer of the mortgage occurred when there was evidence that the mortgage was physically transferred to the bank before it filed its foreclosure complaint *by the same party* who later executed an assignment of the mortgage). Thus, it is impossible to determine whether the unidentified party transferring the mortgage and note into the PSA had any intent to transfer its interest because there is no indicating assignment from that unidentified party.

Because Bank failed to provide sufficient evidence that it had standing at the time it initiated the foreclosure complaint, we reverse the final judgment of foreclosure and remand for entry of an order of involuntary dismissal of the action. *See Lacombe*, 149 So. 3d at 156 ("We decline to remand the case for the presentation of additional evidence because 'appellate courts do not generally provide parties with an opportunity to retry their case upon a failure of proof.'" (quoting *Morton's of Chicago, Inc. v. Lira*, 48 So. 3d 76, 80 (Fla. 1st DCA 2010))).

*Reversed and remanded.*

MAY and KLINGENSMITH, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] It is unclear what entity transferred Homeowner's note and mortgage into the trust. Relying on the PSA, it appears WaMu Asset Acceptance Corporation, as the depositor, might have served that role.

4