DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEBRA JARVIS,**
Appellant,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY**, AS TRUSTEE FOR
GSR 2006-OA-1,
Appellee.

No. 4D14-991

[June 17, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; William R. Slaughter, II, Senior Judge; L.T. Case No. 2009CA017506 (AW).

Jacqulyn Mack of The Mack Law Firm, Englewood, for appellant.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Celia C. Falzone of Akerman LLP, Jacksonville, for appellee.

STEVENSON, J.

Debra Jarvis ("Homeowner") appeals a final judgment of foreclosure. We find merit in her argument that Deutsche Bank National Trust Company ("Deutsche Bank") lacked standing at the time it filed its foreclosure complaint. On this basis, we reverse and remand for further proceedings.

*Facts*

On May 14, 2009, Deutsche Bank filed its complaint, seeking to reform the mortgage and to foreclose on the mortgage. It attached to the complaint a copy of the mortgage and a copy of the note. The copy of the note listed the lender as America's Wholesale Lender and contained no indorsements. The original note, introduced at trial, also contained no indorsements.

At trial, Deutsche Bank relied on a Pooling and Servicing Agreement ("PSA") to argue that it had standing at the time it filed its complaint.

Specifically, one of Deutsche Bank's witnesses testified that it had standing because "[t]he loan was entered into the trust shortly after origination, and we also have business records that show that they were in possession of the note." Put more simply, the witness stated Deutsche Bank was entitled to enforce the note "through possession."

Homeowner moved for an involuntary dismissal of the action, arguing that Deutsche Bank failed to prove it had standing at the time it filed its complaint. The trial court denied the motion, but later granted Homeowner's motion for involuntary dismissal on Count I (reformation of mortgage) and entered a final judgment of foreclosure on Count II.

*Analysis*

"We review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo*." *Lacombe v. Deutsche Bank Nat'l Trust Co.*, 149 So. 3d 152, 153 (Fla. 1st DCA 2014) (citing *Dixon v. Express Equity Lending Grp., LLLP*, 125 So. 3d 965 (Fla. 4th DCA 2013)). "[S]tanding must be established as of the time of filing the foreclosure complaint." *Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310 (Fla. 2d DCA 2013). "A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." *Id.* (citing *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012)).[1]

Here, Deutsche Bank failed to establish standing using any of these available methods. The original note contained no blank or special indorsements, and Deutsche Bank did not introduce into evidence an assignment. Further, evidence that the note was physically transferred into a trust prior to Deutsche Bank filing its foreclosure complaint does not, by itself, establish standing. *See Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 353 (Fla. 1st DCA 2014) ("Such a plaintiff must prove not only physical possession of the original note but also, if the plaintiff is not the named payee, possession of the original note endorsed in favor of the plaintiff or in blank (which makes it bearer paper).").

Accordingly, we reverse and remand for entry of an order of involuntary dismissal of the action. *See Lacombe*, 149 So. 3d at 156 ("We decline to remand the case for the presentation of additional evidence because 'appellate courts do not generally provide parties with an opportunity to

---

[1] Of course, at a contested trial, as opposed to summary judgment, an affidavit would most likely be inadmissible in the absence of an agreement from the opposing party.

retry their case upon a failure of proof.'" (quoting *Morton's of Chicago, Inc. v. Lira*, 48 So. 3d 76, 80 (Fla. 1st DCA 2010))).

*Reversed and remanded.*

GERBER and LEVINE, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***