DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MANUEL C. PEREZ** and **THERESA PEREZ,**
Appellants,
v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBOR VIEW MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES SERIES 2006-7,**
Appellee.

No. 4D13-4812

[August 19, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case No. 08-037886 (18).

Bruce Botsford of Bruce Botsford, P.A., Fort Lauderdale, for appellants.

Eve A. Cann of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Fort Lauderdale, for appellee.

LEVINE, J.

Appellants appeal a final judgment of foreclosure, arguing that the Bank lacked standing to foreclose. We agree that the Bank failed to prove that it had standing at the time it filed the complaint. Therefore, we reverse.

In August 2008, Deutsche Bank National Trust Company ("the Bank") filed a complaint against appellants for mortgage foreclosure. After initiating the lawsuit, the Bank then filed a copy of the note, which listed American Brokers as the lender and contained an undated endorsement in blank. Appellants filed an answer and affirmative defenses, challenging the Bank's standing.

During trial, the Bank presented testimony from one witness, Paul Myers, an employee of the loan servicing company Ocwen Financial Corporation. Myers testified that the Bank took ownership of the loan around August 1, 2006, as part of a corresponding pooling and serving agreement ("PSA"). According to Myers, the note was provided to the Bank

at the time the trust was created.  Myers explained that he knew this because the Bank had the note when Ocwen requested it; however, Myers admitted he did not recall when Ocwen requested the note.  He did not know if Ocwen requested the note when the lawsuit was filed.  It was his understanding that the Bank held the note as custodian because of the PSA.  The PSA was not introduced into evidence.

At the close of the Bank's case, appellants moved for an involuntary dismissal, arguing that the Bank did not have standing because there was no evidence that the Bank had the note when the complaint was filed.  Appellants contended that the Bank did not show standing by assignment or equitable transfer and that the PSA was insufficient to establish standing.  The Bank argued that it met its burden to establish standing through production of the original note and the PSA, which closed prior to the inception of the action.  The court found that the Bank had standing and entered a final judgment in favor of the Bank.

An appellate court reviews de novo the sufficiency of evidence to prove standing in a foreclosure action.  *Sosa v. U.S. Bank Nat'l Ass'n*, 153 So. 3d 950, 951 (Fla. 4th DCA 2014).  "To establish standing, the plaintiff must submit the note bearing a special endorsement in favor of the plaintiff, an assignment from payee to the plaintiff or an affidavit of ownership proving its status as holder of the note." *Rigby v. Wells Fargo Bank, N.A.*, 84 So. 3d 1195, 1196 (Fla. 4th DCA 2012).  "A party must have standing to file suit at its inception and may not remedy this defect by subsequently obtaining standing." *Id.* (citation omitted).  Standing is established where a bank possesses and files an original note endorsed in blank.  *See Harvey v. Deutsche Bank Nat'l Trust Co.*, 69 So. 3d 300, 304 (Fla. 4th DCA 2011).

In the present case, the Bank failed to establish standing because no evidence was introduced showing the note was transferred to the Bank prior to the inception of the lawsuit.  A copy of the note was not attached to the complaint, and the endorsement in blank on the original note was undated.  Additionally, the PSA was insufficient to establish standing.

In *Deutsche Bank National Trust Co. v. Boglioli*, 154 So. 3d 494, 495 (Fla. 4th DCA 2015), this court held that the bank failed to establish standing where the bank introduced an undated blank endorsement, the bank's only witness was unable to testify as to when the note was endorsed, and the bank failed to introduce a PSA through which the bank claimed it acquired the assignment of the note.  Similarly, in the instant case, the Bank introduced an undated blank endorsement, the Bank's only witness was unable to testify as to when the note was endorsed, and the PSA was not introduced into evidence.

2

Even if the PSA had been introduced into evidence, the evidence still would have been insufficient to establish standing. In *Balch v. LaSalle Bank N.A.*, 2015 WL 4641534, at *1 (Fla. 4th DCA Aug 5, 2015), this court held that "evidence that the note was transferred into the trust prior to the foreclosure action is insufficient by itself to confer standing because there was no evidence that the indorsee had the intent to transfer any interest to the trustee." In support, the *Balch* court cited *Jelic v. LaSalle Bank, National Ass'n*, 160 So. 3d 127, 130 (Fla. 4th DCA 2015), which reversed a final judgment of foreclosure, in part because there was no evidence that the party transferring the note into a PSA had any intent to transfer an interest to the trustee.

Similarly, in *Jarvis v. Deutsche Bank National Trust Co.*, 40 Fla. L. Weekly D1416 (Fla. 4th DCA June 17, 2015), this court held that "evidence that the note was physically transferred into a trust prior to Deutsche Bank filing its foreclosure complaint does not, by itself, establish standing." "[A] plaintiff must prove not only physical possession of the original note but also, if the plaintiff is not the named payee, possession of the original note endorsed in favor of the plaintiff or in blank (which makes it bearer paper)." *Id.* (quoting *Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 353 (Fla. 1st DCA 2014)).

Because the Bank failed to establish standing, we reverse and remand with instructions for the trial court to enter an involuntary dismissal.

*Reversed and remanded.*

STEVENSON and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**