DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGE L. KENNEY** a/k/a **GEORGE KENNEY,**
Appellant,

v.

**HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES, INC., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-6, SUSIE N. KENNEY** a/k/a **SUSIE KENNEY, SEA OAKS PROPERTY OWNERS ASSOCIATION, INC., SEA OATS OF JUNO BEACH CONDOMINIUM TWO ASSOCIATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**
Appellees.

No. 4D13-4165

[ September 24, 2015 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit; Judy P. Biebel, Senior Judge; L.T. Case No. 502009CA043442XXXXMB.

Jeffrey Harrington, Millie Orrico and Adriana C. Clamens of Harrington Law Associates, PLLC, West Palm Beach, for appellant.

Michael K. Winston, Dean A. Morande and Donna L. Eng of Carlton Fields Jorden Burt, P.A., West Palm Beach, for Appellee HSBC Bank USA, National Bank.

***ON MOTION FOR REHEARING***

PER CURIAM.

We deny Appellee HSBC's motion for rehearing and rehearing en banc, but withdraw our prior opinion and substitute the following in its place.

The borrower, George Kenney, appeals a final judgment of foreclosure entered after a non-jury trial. We find merit in his argument that HSBC Bank USA, National Association, as Trustee for the Holders of Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Series 2005-6 ("HSBC") failed to prove it had standing at the time it filed the foreclosure action. We therefore reverse.

In 2005, the borrower and his wife executed a promissory note in favor of American Brokers Conduit. The borrower also executed a mortgage securing payment of the note.

On December 29, 2009, HSBC filed a foreclosure complaint against the borrower and his wife. The complaint alleged that HSBC "as servicer for the owner and acting on behalf of the owner with authority to do so, is the present designated holder of the note and mortgage with authority to pursue the present action." The copy of the note attached to the complaint did not contain any endorsements.

On January 4, 2010, a vice president of American Brokers Conduit executed an Assignment of Mortgage in favor of HSBC. The assignment reflected that it was assigning the mortgage together with the note. The assignment stated that it was effective "as of the 1st day of December, 2009 . . . ."

In the borrower's answer, he asserted as an affirmative defense that HSBC was not in possession of the original promissory note and did not have standing to foreclose.

At trial, HSBC attempted to prove its standing by introducing the original note, as well as the testimony of a loan verification analyst employed by Wells Fargo. The original note bears a blank endorsement from the original lender, American Brokers Conduit. But there was no testimony indicating when the blank endorsement was placed onto the note.

The analyst testified that Wells Fargo acquired the loan and began servicing it on August 1, 2006. He testified that when Wells Fargo boarded the note on August 1, 2006, there were procedures in place to ensure that the original note had the proper endorsement. He also explained that there has not been any transfer of ownership of the note since Wells Fargo became the servicer on August 1, 2006.

The analyst testified that on August 1, 2006, HSBC—as trustee for an entity of Deutsche Bank—was the owner of the note. At another point, however, he testified that HSBC was not the owner of the loan and was merely the trustee for the Deutsche Bank entity, explaining: "[T]he investor – the owner of the note is Deutsche Bank. The plaintiff is HSBC. They're the trustee for them on this case." He did not know the date when HSBC purchased the note.

The borrower introduced the Assignment of Mortgage into evidence and

2

questioned the analyst about its contents. The analyst had no explanation for why the assignment was signed after the case was filed. He first saw the assignment about ten days before trial. He pointed out that the assignment indicated that it was effective on a date "prior to the case being filed." However, the analyst's testimony was based solely on the plain language of the assignment document, and was not based on personal knowledge of an assignment that occurred before the filing of the complaint.

Following the conclusion of trial, the lower court entered a final judgment in favor of HSBC. This appeal ensued.

An appellate court applies a de novo standard of review to the ultimate question of whether a plaintiff proved its standing to bring the foreclosure action. *Dixon v. Express Equity Lending Grp.*, 125 So. 3d 965, 967 (Fla. 4th DCA 2013).

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). The plaintiff must prove that it had standing to foreclose when the original complaint was filed. *Id.*

The UCC provides that a "person entitled to enforce" a negotiable instrument means the holder of the instrument, a non-holder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce. § 673.3011(1)-(3), Fla. Stat. (2013). A "holder" is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat. (2013).

"A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special endorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status as the holder of the note." *Focht v. Wells Fargo Bank, N.A.*, 124 So. 3d 308, 310 (Fla. 2d DCA 2013). "When a plaintiff asserts standing based on an undated endorsement of the note, it must show that the endorsement occurred before the filing of the complaint through additional evidence, such as the testimony of a litigation analyst." *Lloyd v. Bank of New York Mellon*, 160 So. 3d 513, 515 (Fla. 4th DCA 2015).

Here, HSBC did not prove that it had standing at the time it filed the foreclosure complaint.

First, the Wells Fargo analyst's testimony failed to establish that, at the time of the original complaint, HSBC was the holder of the note or was otherwise a person entitled to enforce the note.[1]  *See May v. PHH Mortg. Corp.*, 150 So. 3d 247, 249 (Fla. 2d DCA 2014) ("[T]he bank needed to introduce evidence that it was in possession of the original note with the blank endorsement at the time it filed the complaint.  The bank failed to do so; none of the evidence adduced at trial demonstrated when, if at all, the bank came into possession of the note.") (citation omitted).

Second, the assignment was insufficient to establish HSBC's standing.  Although the assignment contained a purported effective date before the complaint was filed, it was executed after the complaint was filed and the witness "did not have any information, other than the document itself, to verify when the assignment took place."  *See Lloyd*, 160 So. 3d at 515; *see also Matthews v. Fed. Nat'l Mortg. Ass'n*, 160 So. 3d 131, 133 (Fla. 4th DCA 2015) ("Nor does the backdated assignment, standing alone, establish standing."); *Vidal v. Liquidation Props., Inc.*, 104 So. 3d 1274, 1277 n.1 (Fla. 4th DCA 2013) ("Allowing assignments to be retroactively effective would be inimical to the requirements of pre-suit ownership for standing in foreclosure cases.").

Finally, the analyst's vague testimony that either HSBC or a Deutsche Bank entity owned the note was insufficient to prove HSBC's standing.  HSBC did not introduce a pooling and servicing agreement ("PSA"), nor did HSBC introduce any competent evidence that the depositor under the PSA had the intent to transfer any interest to HSBC as the trustee.  *See Jelic v. LaSalle Bank, Nat'l Ass'n*, 160 So. 3d 127, 130 (Fla. 4th DCA 2015) (reversing a final judgment of foreclosure where there was no evidence that the party transferring the note into a PSA had any intent to transfer an interest to the trustee); *Deutsche Bank Nat'l Trust Co. v. Boglioli*, 154 So. 3d 494, 495 (Fla. 4th DCA 2015) (evidence at trial failed to demonstrate the plaintiff's standing to foreclose where the sole testifying witness was unable to testify as to when the note was endorsed, and the plaintiff failed to introduce a pooling and servicing agreement that was the alleged method through which the plaintiff acquired the assignment of the note).

---

[1] We need not address every possible manner by which a person may take "possession" of a promissory note.  We simply conclude that the record evidence in this case fell short of establishing—under any legal theory—that HSBC was in possession of the note with the blank endorsement at the time it filed the complaint.

Because HSBC did not prove that it had standing when it filed the original complaint, we reverse and remand for entry of an order of involuntary dismissal of the action.

*Reversed.*

TAYLOR, MAY and KLINGENSMITH, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***