DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VICTORIA S. MAGALDI,**
Appellant,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** As Trustee For
**WAMU 2005-AR6,**
Appellee.

No. 4D15-1043

[June 15, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Senior Judge; L.T. Case No. 502009CA015214XXXXMB.

Victoria S. Magaldi, Jupiter, pro se.

Philip E. Rothschild and Brian K. Hole of Holland & Knight LLP, Fort Lauderdale, for appellee.

CIKLIN, C.J.

Victoria Magaldi appeals the final judgment of foreclosure entered in favor of Deutsche Bank National Trust Company as Trustee for WAMU 2005-AR6 ("the bank"). We agree with Magaldi that the bank failed to prove it had standing at the inception of the underlying suit and thus we reverse.

In 2004, Magaldi executed a promissory note in favor of Washington Mutual Bank, FA ("the lender"). In 2009, the bank brought a foreclosure suit against Magaldi. The bank alleged it was the "owner" of the note. It attached to its complaint a copy of the note made payable to the lender. The note did not contain any endorsements. In 2014, the bank filed the original note with the court which contained an undated blank endorsement by the lender.

At trial, the following exhibits were introduced into evidence: copies of the original note and mortgage, a pooling and servicing agreement ("the PSA"), and a post-complaint assignment of the mortgage and note

by JP Morgan Chase Bank to the bank. The bank's witness, Linda Kuerzi, was employed by the entity that services the loan for the bank. She provided testimony about the note, assignment, and the PSA.

This court has explained the process by which standing in a foreclosure case may be established:

> A "person entitled to enforce" an instrument is: "(1) [t]he holder of the instrument; (2) [a] nonholder in possession of the instrument who has the rights of a holder; or (3) [a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to s[ection] 673.3091 or s[ection] 673.4181(4)." § 673.3011, Fla. Stat. (2013). A "holder" is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat. (2013). Thus, to be a holder, the instrument must be payable to the person in possession or indorsed in blank. *See* § 671.201(5), Fla. Stat. (2013).

*Murray v. HSBC Bank USA*, 157 So. 3d 355, 358 (Fla. 4th DCA 2015) (alterations in original).

At trial, the bank appeared to proceed as a holder.[1] However, none of the evidence introduced at trial established its standing at the inception of the suit. The copy of the note attached to the complaint did not establish standing, as it was not made payable to the bank and did not contain a special endorsement in the bank's favor or a blank endorsement. Although the original note contains an endorsement in blank, it was filed after suit was brought and thus did not establish standing at inception of the suit. *See McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012).

The bank relies to some extent on the assignment, but the assignment was dated 2010—after suit was filed—and does not offer any indication of whether the bank held the note endorsed in its favor or in blank when it commenced the subject litigation. To the extent the bank proved, through the PSA and Kuerzi's testimony, that the loan was transferred to the trust in 2005, this does not prove that at the time of the transfer, the note contained an endorsement in the bank's favor or in blank. Evidence of a transfer of the note into a trust is not, standing alone, sufficient to

---

[1] This is confirmed in the bank's answer brief, in which it explains how it proved standing as the holder of the note.

establish standing at inception of the suit. *See Perez v. Deutsche Bank Nat'l Trust Co.*, 174 So. 3d 489, 491 (Fla. 4th DCA 2015); *Jarvis v. Deutsche Bank Nat'l Trust. Co.*, 169 So. 3d 194, 196 (Fla. 4th DCA 2015).

Because the bank did not prove it had standing at inception of the law suit, we reverse. The remaining issue raised on appeal is moot.

*Reversed.*

TAYLOR and MAY, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**