IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROBERT K. WALTON,

      Appellant,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as trustee
for MORGAN STANLEY ABS
CAPITAL I INC., MSAC 2007-
NC1,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3761

Opinion filed October 19, 2016.

An appeal from the Circuit Court for Duval County.
Tyrie W. Boyer, Judge.

Austin Tyler Brown of Parker & DuFresne, P.A., Jacksonville, for Appellant.

Glenn S. Banner of Hinshaw & Culbertson LLP, Jacksonville, for Appellee.

BILBREY, J.

      Robert Walton appeals the final judgment of foreclosure in favor of

Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS

Capital I Inc., MSAC 2007-NC1 (Deutsche Bank), on grounds that Deutsche

Bank's evidence of its standing on the date the complaint was filed was insufficient to support the judgment. We agree and reverse.

On July 16, 2008, Deutsche Bank filed its complaint in two counts: Count I, to re-establish lost Note; and Count II for foreclosure on the mortgage securing that note. Attached to the complaint was a copy of the note, mortgage, undated and unsigned "Assignment of Note Without Recourse" in blank with no named recipient, and a signed but undated "Allonge to Note" also in blank.[1] The copies of the note and mortgage both reflected July 20, 2006, as the date of the loan and named Mr. Walton as the borrower and NFS Loans, Inc., as the lender. The allonge filed with the complaint included the signature of an officer of NFS Loans, Inc., thus qualifying the document as an indorsement of the note. § 673.2041, Fla. Stat. The absence of a named recipient rendered it an indorsement in blank, making the note payable to bearer and negotiable by possession alone. § 673.2051(2), Fla. Stat. Deutsche Bank alleged in Count I that it did not possess the original note at the time, but had possessed it in the past and lost such possession. § 673.3091, Fla. Stat.

Mr. Walton filed an answer and an amended answer, each denying Deutsche Bank's allegations of ownership of the note and asserting the affirmative defense

---

[1] An "allonge" is a supplemental attachment to a note for the purpose of placing indorsements which will not fit on the pages of the note itself. See Purificato v. Nationstar Mortg., LLC, 182 So. 3d 821, 823 (Fla. 4th DCA 2016); Lacombe v. Deutsche Bank Nat'l Trust Co., 149 So. 3d 152, 153 n. 1 (Fla. 1st DCA 2014).

that Deutsche Bank lacked standing. Accordingly, standing was a contested issue of fact Deutsche Bank was required to prove. Ham v. Nationstar Mortg. LLC, 164 So. 3d 714, 718 (Fla. 1st DCA 2015) (denial in answer to plaintiff's allegations of ownership of note and affirmative defense of lack of standing raised contested issue of fact for plaintiff to prove); Gee v. U.S. Bank N.A., 72 So. 3d 211, 214 (Fla. 5th DCA 2011).

At some point during the six years following the filing of the complaint, Deutsche Bank located the original documents. Its allegations of a lost note were abandoned on December 1, 2014, when it filed the original note and mortgage in the court file. Attached to the original note was an allonge similar to the allonge filed in July 2008 with the complaint. The allonge filed in 2014 was also undated and contained all the same information as the earlier indorsement, including the signature of the officer for NFS Loans, Inc. However, the allonge filed in 2014 was a special indorsement because immediately following the words "Pay to the order of," the hand-written words "New Century Mortgage" appeared. § 673.2051(1), Fla. Stat. In addition, on the lower portion of this allonge was an undated stamped indorsement in blank, signed by an officer of New Century Mortgage Corporation.

"When a plaintiff asserts standing based on an undated endorsement of the note, it must show that the endorsement occurred before the filing of the complaint

3

through additional evidence, such as the testimony of a litigation analyst." Lloyd v. Bank of New York Mellon, 160 So. 3d 513, 515 (Fla. 4th DCA 2015); Kenney v. HSBC Bank USA, N.A., 175 So. 3d 377 (Fla. 4th DCA 2015). Deutsche Bank was required to offer proof "showing the note was transferred to the Bank prior to the inception of the lawsuit." Perez v. Deutsche Bank Nat'l Trust Co., 174 So. 3d 489, 491 (Fla. 4th DCA 2015). "An undated indorsement introduced after the complaint was filed, is insufficient, without further evidence, to prove standing at the time the complaint was filed." Braga v. Fannie Mae, 187 So. 3d 1272, 1273 (Fla. 4th DCA 2016).

Like the previously filed indorsement, the undated blank indorsement filed in 2014 "did not answer the question of 'whether the indorsement in blank antedated the filing of the original complaint.'" Ham, 164 So. 3d at 718, quoting Kiefert v. Nationstar Mortg., LLC, 153 So. 3d 351, 353 (Fla. 1st DCA 2014). Accordingly, Deutsche Bank presented additional evidence at the final hearing to try to prove its case. At trial, Deutsche Bank again provided the note, mortgage, and allonge as exhibits, and in addition, submitted pages of a "loan payment history" and a power of attorney from Deutsche Bank to Ocwen Loan Servicing, executed in 2014. In addition, Deutsche Bank presented the testimony of Jay Vent, Senior Loan Analyst for Ocwen Loan Servicing, to authenticate the additional documents and support Deutsche Bank's standing. Over defense counsel's

4

objections, the trial court admitted the documents and testimony into evidence.

Where the documentary evidence is insufficient to prove standing at the time of the filing of the complaint, a witness may provide sufficient testimony to prove standing. Stone v. BankUnited, 115 So. 3d 411 (Fla. 2d DCA 2013). However, the testimony offered in this case did not sufficiently add to the documentary evidence to prove Deutsche Bank's standing.

Appellant's "challenge to the sufficiency of the evidence to support the judgment is cognizable on appeal pursuant to rule 1.530(e) [Florida Rules of Civil Procedure] regardless of the specificity of defense counsel's numerous objections during the bench trial." Burdeshaw v. Bank of New York Mellon, 148 So. 3d 819, 822 (Fla. 1st DCA 2014); see also Wolkoff v. Am. Home Mortg. Servicing, Inc., 153 So. 3d 280, 283 (Fla. 2d DCA 2014). We review the sufficiency of the evidence to prove standing in a foreclosure action de novo. Perez, 174 So. 3d at 490.

Deutsche Bank, as the trustee, attempted to prove, via Mr. Vent's testimony, that the note secured by the mortgage was acquired by the trust prior to the filing of Deutsche Bank's foreclosure complaint in 2008. Accordingly, Mr. Vent testified about the pooling and servicing agreement (PSA) under which numerous "loans" were acquired by the trust in 2007. The PSA was not presented to the court or admitted into evidence, and would not necessarily establish Deutsche

5

Bank's standing to foreclose if it had been admitted.

Mr. Vent did not offer any testimony relating to the date the allonge filed in 2014 was created. Likewise, he offered no testimony regarding the location of the note as blankly indorsed on or before July 16, 2008. He never represented that he had been employed by any previous servicer of the mortgage, that he had any personal knowledge of any other company's business practices or that he had any personal knowledge of events taking place on or before July 16, 2008. See § 90.604, Fla. Stat. (witness may not testify to a matter unless sufficient evidence is produced to show witness has personal knowledge of the matter). Mr. Vent's testimony indicated that he had reviewed electronic records pertaining to the trust, and that his company's "boarding procedures," together with standard industry practices, ensured the accuracy of the electronic records supporting the trust's ownership of the note in question.

This testimony was insufficient to prove that Deutsche Bank, as trustee, had the right to enforce the note on July 16, 2008, based on the undated blank indorsement filed on December 1, 2014. Kenney, 175 So. 3d at 379-80 (testimony of loan verification analyst employed by loan servicing company not sufficient to establish date blank indorsement was placed on note); Perez, 174 So. 3d at 491 (testimony of employee of loan servicing company not sufficient to prove date of undated, blank indorsement; PSA not sufficient proof that trustee held indorsed

6

note on date complaint filed); see also § 673.3011, Fla. Stat. (defining persons entitled to enforce an instrument). Mr. Vent offered no explanation for the difference between the undated blank indorsement filed with the original complaint and the undated blank indorsement filed on December 1, 2014, and at trial. His testimony did nothing to establish any dates for either of these indorsements. While Deutsche Bank produced the note and blank indorsement in 2014, it failed to prove that it was entitled to enforce the note as of July 16, 2008, with any competent substantial evidence.

Because Deutsche Bank's proof of its standing at the inception of the lawsuit was insufficient to support the final judgment of foreclosure, the final judgment is reversed. In addition, because "appellate courts do not generally provide parties with an opportunity to retry their case upon a failure of proof," this case is remanded for the entry of an order of dismissal. Morton's of Chicago, Inc. v. Lira, 48 So. 3d 76, 80 (Fla. 1st DCA 2010); see also Figueroa v. Fed. Nat'l Mortg. Ass'n, 180 So. 3d 1110, 1117 (Fla. 5th DCA 2015).[2]

REVERSED and REMANDED.

LEWIS, J., CONCURS, and WINOKUR, J., CONCURS WITH OPINION.

---

[2] Deutsche Bank must file a new complaint if it wishes to again pursue foreclosure. McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170 (Fla. 4th DCA 2012).

WINOKUR, J., concurring.

I concur with the majority opinion that reversal is required under a substantial body of case law regarding standing at the time a foreclosure proceeding is filed. In doing so, I agree with the observations of Judge Altenbernd in Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 312 (Fla. 2d DCA 2013) (Altenbernd, J., concurring) (observing that "[t]he courts have erroneously transformed what should be a defendant's affirmative defense, permitting the defendant to avoid a judgment of foreclosure by a plaintiff who is a stranger to the note, into a jurisdictional prerequisite that must be established by the plaintiff to avoid a dismissal of the action"); and Judge Lucas in Corrigan v. Bank of America, N.A., 189 So. 3d 187, 191 (Fla. 2d DCA 2016) (Lucas, J., concurring) (questioning "the rationale of applying the affirmative defense of standing as if it were a jurisdictional prerequisite" and noting that the "unwavering adherence to this standing-at-inception requirement imposes inequities in foreclosure cases and, in my opinion, has led the rule astray from whatever its underlying purpose may have been").

The Focht court certified the following question of great public importance to the Florida Supreme Court: "Can a plaintiff in a foreclosure action cure the inability to prove standing at the inception of suit by proof that the plaintiff has since acquired standing?" Focht, 124 So. 3d at 312. I believe the answer to that

8

question ought to be in the affirmative.  But unless the Supreme Court agrees, I am constrained to concur in the majority opinion.