MORRIS, Judge.
Andrea Stone appeals a final judgment of foreclosure entered after a nonjury trial. We affirm the decision of the trial court and write to address Stone’s argument that BankUnited failed to establish that it had standing to foreclose on the mortgage when it filed the complaint.
On April 16, 2010, BankUnited, a national bank, filed a one-count complaint for mortgage foreclosure to collect $248,569.76 borrowed by Andrea Stone pursuant to a promissory note and secured by Stone’s homestead in Sarasota, Florida. As exhibits to the complaint, BankUnited attached a mortgage and a promissory note naming another entity as the lender, BankUnited, FSB, a federal savings bank. On September 17, 2010, BankUnited filed the original note and mortgage, and both of these documents named BankUnited, FSB, as the original lender. The subsequent filing of the original note and mortgage also included an “allonge to promissory note,” which contained a blank endorsement from Ban-kUnited, FSB. The allonge stated on its face that it “is affixed and becomes a permanent part of said Note.” In her answer and affirmative defenses and at trial, Stone challenged BankUnited’s standing to maintain the action. After a nonjury trial, the trial court entered a judgment of foreclosure in favor of BankUnited.
When reviewing a judgment rendered after a nonjury trial, the trial court’s findings of fact come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous. Taylor v. Richards, 971 So.2d 127, 129 (Fla. 4th DCA 2007) (citing Universal Beverages Holdings, Inc. v. Merkin, 902 So.2d 288, 290 (Fla. 3d DCA 2005)).
*413 “The party seeking foreclosure must present evidence that it owns and holds the note and mortgage to establish standing to proceed with a foreclosure action.” Mazine v. M & I Bank, 67 So.3d 1129, 1131 (Fla. 1st DCA 2011) (citing Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105 (Fla. 4th DCA 2010)). “Because a promissory note is a negotiable instrument and because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder.” Id. (citing § 673.3011, Fla. Stat. (2009)). A plaintiff may prove that it has standing to foreclose “through evidence of a valid assignment, proof of purchase of the debt, or evidence of an effective transfer.” BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 939 (Fla. 2d DCA 2010); see McLean v. JP Morgan Chase Nat’l Ass’n, 79 So.3d 170, 173 (Fla. 4th DCA 2012) (holding that plaintiff may demonstrate standing by submitting the note bearing a special endorsement in favor of the plaintiff or a blank endorsement, evidence of an assignment from the payee to the plaintiff, evidence of equitable transfer, or other evidence of ownership proving the plaintiffs status as the holder of the note).
On appeal, Stone argues that Ban-kUnited failed to prove that it owned the note at the inception of the case and that the allonge endorsed in blank did not cure the problem because the allonge was not dated. Stone relies on McLean, which held that “[wjhere the plaintiff contends that its standing to foreclose derives from an endorsement of the note, the plaintiff must show that the endorsement occurred prior to the inception of the lawsuit.” Id. at 174. We note that McLean was an appeal from a summary judgment of foreclosure and therefore turned on whether the documents filed with the court showed “•without genuine issue of material fact” that the plaintiff had standing to sue. Id. at 175. The court held that the plaintiffs documents did not demonstrate when the plaintiff became the owner and holder of the note, and the court noted that on remand, “[a]n evidentiary hearing may ... be required.” Id. at 174-75.
Here, an evidentiary hearing was held and BankUnited presented the testimony of BankUnited employee Patricia Fall-man. Fallman testified that she worked for the original lender, BankUnited, FSB, at the time that it was seized and placed into receivership by the FDIC on May 21, 2009. She remained an employee of the new BankUnited. By virtue of the receivership and pursuant to a purchase assumption agreement, the new BankUnited acquired all of the assets of BankUnited, FSB, including the note and mortgage in question. Fallman also testified that BankUnited collected payments on Stone’s loan after May 21, 2009, that Ban-kUnited only services loans that it owns, and that it serviced Stone’s loan. Therefore, BankUnited presented competent, substantial evidence that it owned the note and mortgage and thus had standing to foreclose. Stone argues that the al-longe indorsed in blank was invalid because it was not affixed to the original note, but this argument carries no weight in light of Fallman’s testimony demonstrating that BankUnited acquired ownership of the note and mortgage through the purchase assumption agreement.
Affirmed.
SILBERMAN, C.J., and NORTHCUTT, J., Concur.