DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GARY S. SNYDER** and **JANE SNYDER,**
Appellants,

v.

**JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR TO INTEREST TO WASHINGTON MUTUAL BANK,**
Appellee.

No. 4D13-4036

[July 29, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey E. Streitfeld, Judge; L.T. Case No. 2009CA009468 (11).

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellants.

Joseph D. Wargo and Susan Capote of Wargo & French, LLP, Miami, for appellee.

WARNER, J.

This case represents another casualty of the foreclosure crisis. Appellants appeal a final judgment of foreclosure, contending that appellee, the plaintiff below, failed to prove its standing to foreclose on the date the complaint was filed. Even with the indulgence of the trial court, which allowed appellee to reopen its case three times, appellee has failed to prove that it had standing to foreclose on the date it filed its complaint. We thus reverse.

On February 18, 2009, appellee JPMorgan Chase Bank, N.A. ("Chase") filed a foreclosure complaint against appellants in their capacities as co-trustees of a family trust. Chase alleged that it was the current owner and holder of a promissory note and mortgage executed by appellants in July 2007. A copy of the note and the mortgage were attached to the complaint, identifying the lender as Washington Mutual Bank, FA ("WAMU"). The note did not contain any endorsements or allonges. Later, Chase filed

what it identified as the original note, which contained a stamped, undated endorsement in blank from WAMU on the signature page.

Appellants answered the complaint raising Chase's standing to foreclose, alleging that Chase was not shown to be the owner of the note or authorized to bring the foreclosure action. They also alleged that no notice of default had been furnished in accordance with paragraph 22 of the mortgage. In reply, Chase attached a notice of default *from WAMU* to the appellants dated January 6, 2009, before the filing of the complaint. The reply also stated that Chase was in possession of the note before the filing of the suit.

At trial, Chase presented a home loan research officer as its only witness. The officer testified that Chase purchased the assets of WAMU through the Federal Deposit Insurance Corporation ("FDIC") in September of 2008, and this loan was part of the purchase. Appellants objected to this testimony, because there was no proof of the agreement between FDIC and Chase. The trial court rejected this challenge, because the court had presided over many cases which involved the asset purchase between Chase and the FDIC, and the court did not believe that the documents were needed. The officer testified that Chase had acquired the note on September 25, 2008, but he then admitted that Chase did not have possession of the note on September 25, 2008. At that time, the note was being held by FDIC, and Chase did not receive the note until July 2009. The officer testified Chase was waiting for the FDIC to complete its "due diligence" in connection with the WAMU purchase. Then, although appellants moved for an involuntary dismissal on the issue of standing, the court adjourned the trial twice for Chase to provide the court with additional evidence of standing.[1]

At the continued trial, the court remarked that it did not know when Chase obtained the right to foreclose on the mortgage and note. The complaint alleged that Chase was the owner of the note, but the officer at one point testified that Chase was the servicer of the loan. This conflicted with the allegations of the complaint that Chase owned the loan. The court denied a motion to conform the pleading to the evidence as it considered

---

[1] Appellants claim bias of the trial court in granting these continuances to allow for the production of additional evidence. While the court does appear to have overstepped the bounds of neutrality in giving the appellee so many additional chances to prove its case, over the objection of appellants, this issue was not properly preserved.

2

the amendment, objected to by appellant, as more than a technical change.

Then the officer testified that Chase did own the loan, and he was confused in his prior testimony. During the continued trial, the officer produced an affidavit from FDIC and the purchase agreement for the WAMU assets. These showed that FDIC took over WAMU on September 25, 2008, and on the same date the purchase agreement of WAMU's assets by Chase was executed. Appellants argued that the purchase agreement between FDIC and Chase did not establish standing because the "settlement date" or "closing date" of the agreement was March 25, 2009, after the foreclosure action was filed. But the court responded that the agreement stated the closing date was "180 days after the bank closing" of WAMU, and the date of this closing was not in evidence, forgetting that the affidavit from the FDIC representative, which the court allowed into evidence, stated that the FDIC closed WAMU on September 25, 2008.

On the final day of trial, the officer produced screen shots of Chase's records showing that the loan was owned by Chase and that Chase was not the servicer of the loan. The officer also testified that Chase had acquired the loan from WAMU prior to the filing of suit. Earlier, Chase admitted into evidence the notice of default letter sent by WAMU, as evidence that it had complied with paragraph twenty-two of the mortgage agreement. Appellants offered no evidence, and the trial court entered final judgment of foreclosure, from which this appeal is taken.

Appellants argue on appeal, as they did in the trial court, that appellee Chase failed to prove its standing to foreclose by showing that it had possession of the note on the date suit was filed. The record is clear that it did not have possession of the note, as FDIC did not deliver the note to Chase until July 2009. Chase, however, claims that it proved its ownership and right to foreclose through the purchase agreement between FDIC, WAMU, and Chase. We disagree and conclude that there is no competent substantial evidence that Chase possessed the note at the time it filed suit.

Section 673.3011, Florida Statutes (2009), provides who may enforce a negotiable instrument, such as the notes, in most foreclosure cases:

The term "person entitled to enforce" an instrument means:

(1) The holder of the instrument;

3

(2) A nonholder in possession of the instrument who has the rights of a holder; or

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).

A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

"Because a promissory note is a negotiable instrument and because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder." *Mazine v. M & I Bank*, 67 So. 3d 1129, 1131 (Fla. 1st DCA 2011). A "holder" is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" § 671.201(21)(a), Fla. Stat. (2009). In other words, the plaintiff seeking to foreclose on a note must be in possession of the note prior to institution of the suit, whether as the holder or having the rights of the holder. *See Lindsey v. Wells Fargo Bank, N.A.*, 139 So. 3d 903, 906 (Fla. 1st DCA 2013) (plaintiff in foreclosure case must prove it *held* the note prior to filing foreclosure); *see, e.g., Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932 (Fla. 4th DCA 2010) ("The negotiation of the note by its transfer of possession with a blank indorsement made Aurora Loan the 'holder' of the note entitled to enforce it.") In fact, the statute specifically notes that a person may be entitled to enforce the note, even if not the owner. Conversely, nothing in the statute allows an "owner" to enforce the note without possession, except where the instrument is lost or destroyed. *See* § 673.3091, Fla. Stat. (2009).

In this case, the note in question, introduced at trial, contained a blank endorsement, but Chase admitted that it did not have possession of the note at the time it filed suit. Therefore, it did not prove that it was entitled to enforce the note.

Whether it even owned the note on the date of filing suit is questionable. It relies on the purchase agreement between Chase, FDIC, and WAMU to prove that it purchased this loan, but the purchase agreement has many caveats where the Assuming Bank (Chase) could refuse to acquire assets, thus reducing the purchase price. Moreover, FDIC had the obligation to turn over assets (including notes) "as soon as practicable" after the Bank Closing. And the Purchase Agreement also contains a "settlement date"

some six months after the Bank Closing.  The only evidence of when FDIC turned over this note to Chase is that it occurred months after the filing of the suit.  To add to the confusion over who owned the note, the notice of default was sent out, not by Chase, but by WAMU.  No explanation of why WAMU would be continuing to act on a loan that it did not own was provided in the testimony, thus suggesting that the loan was not as yet transferred to Chase.

Chase relies on *Stone v. BankUnited,* 115 So. 3d 411 (Fla. 2d DCA 2013), in which the homeowner contended BankUnited lacked standing to foreclose.  The promissory note in question named another entity as the lender and contained a blank endorsement from that lender.  *Id.* at 412.  The Second District noted, "A plaintiff may prove that it has standing to foreclose 'through evidence of a valid assignment, proof of purchase of the debt, or evidence of an effective transfer.'"  *Id.* at 413 (quoting *BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques*, 28 So. 3d 936, 939 (Fla. 2d DCA 2010)).  The Second District affirmed the judgment of foreclosure, finding that testimony at the evidentiary hearing established that the original lender was "seized and placed into receivership by the FDIC" prior to the filing of the complaint and, "[b]y virtue of the receivership and pursuant to a purchase assumption agreement, the new BankUnited acquired all of the assets of [the prior entity], including the note and mortgage in question."  *Id.*  The court found this was competent, substantial evidence that BankUnited owned the note through the purchase assumption agreement.

*Stone*, however, did not discuss whether BankUnited had possession of the note at the time it filed suit.  From the opinion, it would appear that it did, since the employee who testified was an employee of both the old bank and the new bank, and she testified that the Bank acquired all of the assets and began collecting on the loan.  We find *Stone* distinguishable.

Because Chase did not prove that it had possession of the note when it filed suit, and in fact showed that it did not have possession, it did not prove standing.  The court should have granted an involuntary dismissal, as requested by appellants.  We reverse for vacation of the final judgment and entry of an involuntary dismissal of the foreclosure complaint.

*Reversed and remanded with directions.*

LEVINE and CONNER, JJ., concur.

*          *          *

*Not final until disposition of timely filed motion for rehearing.*