DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SELVA ADRIANA CALVO** and **MARCOS FABIAN CALVO,**
Appellants,

v.

**U.S. BANK NATIONAL ASSOCIATION**, AS TRUSTEE FOR STRUCTURED
ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-BC-1,
Appellee.

No. 4D14-1424

[December 16, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case No. 10-21967 CA 06 11.

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellants.

Donna L. Eng, Michael K. Winston and Dean A. Morande of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellee.

STEVENSON, J.

Selva and Marcos Calvo appeal a final judgment of foreclosure. We find the trial court erred because U.S. Bank National Association did not establish its standing to foreclose when the complaint was filed. We thus reverse.

The original lender in this case was Aegis Funding Corporation. U.S. Bank filed this foreclosure action on May 24, 2010, attaching copies of the mortgage and note to the complaint. The note attached to the complaint did not include any indorsements.

More than three years later, counsel for U.S. Bank filed a document entitled "Certification of Possession of Original Promissory Note." The copy of the note attached to the certification included two stamped indorsements including an indorsement in blank. At trial, U.S. Bank filed

the original note, also bearing an indorsement in blank.[1]

U.S. Bank's only witness was an employee of the servicer. She testified that counsel for U.S. Bank had possession of the original note when the complaint was filed. She did not testify as to when the indorsements were placed on the note, and she did not know whether the original note the attorneys had in their possession when suit was filed included the indorsements.

If a note is indorsed in blank, it is payable to the *bearer* and is "negotiated by *transfer of possession alone.*" § 673.2051(2), Fla. Stat. (2014) (emphasis added). Where the plaintiff's status as holder relies on a blank indorsement, the plaintiff must establish that it had possession of the original note, indorsed in blank, when the complaint was filed. *See Snyder v. JP Morgan Chase Bank, Nat'l Ass'n,* 169 So. 3d 1270, 1273 (Fla. 4th DCA 2015); *McLean v. JP Morgan Chase Bank Nat'l Ass'n,* 79 So. 3d 170, 173 (Fla. 4th DCA 2012).

While it is not necessary for the plaintiff to prove the exact date the indorsement was placed on the note, the plaintiff must present competent, substantial evidence that the indorsement was placed on the note *before* suit was filed. "We have said before, and apparently need say again: if an indorsement is undated and appears for the first time *after* the complaint is filed, some evidence must be introduced that will support a finding that the indorsement was made prior to the complaint's filing." *Jelic v. BAC Home Loans Servicing, LP,* 40 Fla. L. Weekly D2476, D2476 (Fla. 4th DCA Nov. 4, 2015).

At bar, U.S. Bank's witness was testifying from screenshots. The screenshots set forth the date the note changed hands, but did not set forth whether the note that was changing hands included the blank indorsement. U.S. Bank thus failed to establish its possession of the *indorsed* note on the requisite date.

Accordingly, U.S. Bank did not prove that it was the holder when this action was commenced, and we find that U.S. Bank did not establish its standing to foreclose when the complaint was filed. We thus reverse the final judgment of foreclosure and remand for entry of an order of

---

[1] Our review of the record reveals that the last page of the original note differs from the previously-filed copies. The borrower's signature is not the same, and the indorsements are in reverse order and signed by different people. Because the appellants do not raise this issue of authentication, it is not considered by this court as grounds for reversal.

2

involuntary dismissal of the action.  *See Sosa v. U.S. Bank Nat'l Ass'n,* 153 So. 3d 950, 952 (Fla. 4th DCA 2014).

*Reversed and remanded.*

DAMOORGIAN and CONNER, JJ., concur.

* \* \* \*

***Not final until disposition of timely filed motion for rehearing.***