DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDGAR BRAGA,**
Appellant,

v.

**FANNIE MAE ("FEDERAL NATIONAL MORTGAGE ASSOCIATION"),**
Appellee.

No. 4D14-1809

[April 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge; L.T. Case No. 50-2008-CA-040270XXXXMB-AW.

Thomas Erskine Ice of Ice Appellate, Royal Palm Beach, for appellant.

H. Michael Muñiz of Kahane & Associates, P.A., Plantation, for appellee.

PER CURIAM.

We reverse the final judgment of foreclosure because the plaintiff failed to prove that an undated indorsement in blank was placed on an allonge prior to filing the original complaint.

CitiMortgage, Inc., filed a foreclosure action against Appellant. Attached to the complaint was a copy of the promissory note, which contained a stamp on the signature page indicating that an allonge was attached. However, no copy of the allonge was included with the complaint. An amended complaint was later filed, substituting Fannie Mae as the named plaintiff and including a copy of the allonge, which contained an undated indorsement in blank. At trial, Fannie Mae's sole witness testified that he did not know when the allonge was created, nor was he aware of when CitiMortgage became the note's holder.

The sufficiency of the evidence proving standing to bring a foreclosure action is reviewed *de novo*. *Sosa v. U.S. Bank Nat'l Ass'n*, 153 So. 3d 950, 951 (Fla. 4th DCA 2014). It is well settled that a plaintiff in a foreclosure case must demonstrate it had standing at the time the complaint was filed. *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th

DCA 2012).  When a note is indorsed in blank, it becomes bearer paper and is "negotiated by transfer of possession alone." *Calvo v. U.S. Bank Nat'l Ass'n,* 181 So. 3d 562, 564 (Fla. 4th DCA 2015) (quoting § 673.2051(2), Fla. Stat. (2014)).  If a plaintiff's standing derives from its status as a holder, based on an indorsement in blank, the plaintiff must establish that it had possession of the indorsed original note at the time the complaint was filed.  *Id.*  An undated indorsement introduced after the complaint was filed, is insufficient, without further evidence, to prove standing at the time the complaint was filed.  *Id.*; *see also Balch v. LaSalle Bank N.A.,* 171 So. 3d 207, 209 (Fla. 4th DCA 2015) (finding plaintiff failed to prove standing where there was no evidence indicating when the indorsement was placed onto the note).

Because Fannie Mae did not prove that CitiMortgage was the note's holder at the commencement of the action, Fannie Mae failed to establish CitiMortgage's standing to foreclose when the complaint was filed. Therefore, we reverse the final judgment of foreclosure and remand for entry of an order of involuntary dismissal of the action.  *See Calvo,* 181 So. 3d at 564.

STEVENSON, GROSS and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***
.

- 2 -