DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OTTONIEL CRUZ** and **LUZ M. CRUZ,**
Appellants,

v.

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS
SUCCESSOR IN INTEREST TO WASHINGTON MUTUAL BANK,
FORMERLY KNOWN AS WASHINGTON MUTUAL BANK, F.A.,**
Appellee.

No. 4D14-3799

[June 15, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas M. Lynch, IV, Judge; L.T. Case No. CACE09024572(11).

Paul Alexander Bravo of P.A. Bravo, Coral Gables, and Ricardo Manuel Corona of Corona Law Firm, Miami, for appellants.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Kathryn B. Hoeck of Akerman LLP, Orlando, for appellee.

### *On Motions for Rehearing and Clarification*

MAY, J.

We grant the owners' motion for clarification, deny JPMorgan's motion for rehearing, and withdraw our previously issued opinion and substitute the following in its place.

The number of entities through which the note and mortgage traveled complicates the facts. The bottom line, however, is JPMorgan Chase Bank, National Association's ("JPMorgan") failure to prove standing requires a reversal of the final judgment of foreclosure.

The borrower executed a mortgage and note in favor of Washington Mutual Bank F.A. ("WAMU"). On March 5, 2008, the borrower quit-claimed the property to Ottoniel Cruz and Luz Cruz ("owners"). On

September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC"), receiver for WAMU, sold substantially all assets and liabilities of WAMU to JPMorgan through a purchase and assumption agreement ("PAA").

Section 3.1 of the PAA reads, in part, "[T]he Assuming Bank hereby purchases from the receiver, and the Receiver hereby sells, assigns, transfers, conveys, and delivers to the Assuming Bank, all right, title, and interest of the receiver in and to all of the assets (real, personal and mixed, wherever located and however acquired) . . . of the Failed Bank."

Section 3.2 reads, in part, "All Assets and assets of the Failed Bank subject to an option to purchase by the Assuming Bank shall be purchased for the amount . . . as specified on Schedule 3.2, except as otherwise may be provided herein." Section 3.3 reads, in part, "[T]he conveyance of all assets . . . purchased by the Assuming Bank under this agreement shall be made, as necessary, by Receiver's deed or Receiver's bill of sale." Section 6.2 obligates the FDIC to deliver assets, including loan documents, "as soon as practicable on or after the date of this Agreement."

The "Settlement Date" is defined as "the first Business Day immediately prior to the day which is one hundred eighty (180) days after Bank Closing, or such other date prior thereto as may be agreed upon by the Receiver and the Assuming Bank." Article X explains that as a condition precedent, the parties were subject to the Receiver "having received at or before the Bank Closing, evidence reasonably satisfactory to each of any necessary approval, waiver, or other action by any governmental authority . . . with respect to this Agreement."

On December 1, 2008, the owners defaulted by failing to pay their monthly payment. WAMU sent the default notice on January 28, 2009. On April 29, 2009, JPMorgan filed a foreclosure action. The complaint included a count to reestablish a lost note and a count for foreclosure of the mortgage. JPMorgan alleged that it "owns and holds said note and mortgage." The lost note count stated that the note "has been lost or destroyed and is not in the custody or control of the Plaintiff who is the owner and holder of the subject Note and Mortgage and its whereabouts cannot be determined." It also stated that JPMorgan or its predecessors were in possession of the note and were entitled to enforce it when the loss occurred, and "[t]he loss of possession was not the result of a transfer or a lawful seizure."

Attached to the complaint was a copy of the mortgage, but not a copy of the note. On October 26, 2009, JPMorgan dropped the lost note count.

On April 12, 2010, the owners filed their answer and asserted several affirmative defenses, including lack of standing and failure to comply with conditions precedent.

In January 2014, JPMorgan transferred its ownership interests in the mortgage to PennyMac Corporation ("PennyMac Corp."). On February 21, 2014, the FDIC executed an assignment of the mortgage to JPMorgan. The assignment read, in part, "This Assignment is intended to further memorialize the transfer that occurred by operation of law on September 25, 2008 as authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d)(2)(G)(i)(II)."

On February 21, 2014, JPMorgan then executed an assignment of mortgage in favor of PennyMac Corp. Servicing of the loan was transferred from JPMorgan to PennyMac Loan Services, LLC ("PennyMac Loan Services"), which was the servicer at the time of trial. On August 1, 2014, JPMorgan moved to substitute PennyMac Corp. as party plaintiff, but the motion was never heard.

PennyMac Corp. allegedly discovered a week before trial that the original note was lost. On August 22, 2014, JPMorgan moved to amend the complaint to add a lost note count, and attached an affidavit from a PennyMac Loan Services foreclosure operations supervisor. The trial court denied the motion the day before the trial began.

On August 28, 2014, the case proceeded to a non-jury trial. JPMorgan called PennyMac Loan Services' foreclosure operations supervisor as its witness. She testified that PennyMac Loan Services serviced the loan on behalf of the current owner, PennyMac Corp., and JPMorgan was the prior servicer.

She did not have the original note with her because it was lost or destroyed. The note "was lost after the complaint was filed," but before it acquired servicing rights. PennyMac Loan Services conducted its due diligence, reached out to prior foreclosure counsel, and checked the court docket to see if the original note was already filed, but it was unable to find the original note.

The witness reviewed PennyMac Loan Services' records, and the original note was not transferred to anyone else or seized by anyone. PennyMac Corp. was willing to indemnify the note maker for any claims that might be placed because of the loss. She obtained the copy of the note from PennyMac Loan Services' business records, which were uploaded by PennyMac Loan Services' loan boarding department at the

3

time PennyMac Loan Services acquired servicing rights of the subject loan.

When JPMorgan attempted to move the copy of the note into evidence, defense counsel questioned the witness, and objected to the introduction of the copy of the note "based on the evidence rule and . . . trustworthiness and authenticity of it." Counsel also argued that no reestablishment count was pending before the court and "their complaint only seeks mortgage foreclosure and they dropped the establishment of lost mortgage note back in I believe 2010 . . . . [T]hey are asking the Court to improperly amend their pleadings . . . ."

JPMorgan responded that it was not asking the court to amend because "[t]he lost note count is the count that has become tradition to put in the complaint," but "it is actually an evidentiary matter." The trial court overruled the objection and admitted the copy of the note. The court also admitted, among other things, a copy of the PAA.

At the end of the trial, the owners moved for an involuntary dismissal, arguing JPMorgan was required to produce the original note and failed to comply with the conditions precedent to filing the foreclosure action. The trial court denied the motion.

The trial court granted final judgment of foreclosure in favor of JPMorgan. From this judgment, the owners now appeal.

The owners argue JPMorgan failed to prove it had standing to foreclose at the case's inception and when the trial court entered final judgment. JPMorgan failed to attach a copy of the note to the complaint. The copy of the note that was eventually filed had an undated blank endorsement and JPMorgan failed to elicit testimony regarding the endorsement date. JPMorgan also introduced an assignment of mortgage showing its rights were transferred to PennyMac Corp. six months before trial.

JPMorgan responds that standing is determined at the time suit is filed, not at the time of trial. The endorsement date was immaterial because it proved ownership and did not rely on the endorsement. It was authorized under the Florida Rules of Civil Procedure to continue the action in its name after transferring its interest to PennyMac Corp.

The owners reply that the evidence failed to establish JPMorgan acquired standing. The PAA did not provide for the purchase of all WAMU's assets, and required a separate conveyance instrument for assets actually purchased. The PAA provided only that JPMorgan had the right to purchase certain WAMU assets from the FDIC, but nothing shows any

4

property was transferred, and 12 U.S.C. § 1821 does not save JPMorgan.

This Court reviews whether a party has standing to bring an action de novo. *Dixon v. Express Equity Lending Grp., LLLP*, 125 So. 3d 965, 967 (Fla. 4th DCA 2013).

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" when the complaint is filed. *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "[S]tanding may be established from the plaintiff's status as the note holder, regardless of any recorded assignments." *Id.* (citation omitted). "If the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement." *Id.* The plaintiff may also show "an affidavit of ownership to prove its status as a holder of the note." *Id.*; *see Sosa v. U.S. Bank Nat'l Ass'n*, 153 So. 3d 950, 951 (Fla. 4th DCA 2014).

"A *plaintiff alleging standing as a holder* must prove it is a holder of the note and mortgage both as of the time of trial and also that [it] had standing as of the time the foreclosure complaint was filed." *Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 352 (Fla. 1st DCA 2014) (emphasis added).

> Such a plaintiff must prove not only physical possession of the original note but also, if the plaintiff is not the named payee, possession of the original note endorsed in favor of the plaintiff or in blank (which makes it bearer paper). If the foreclosure plaintiff is not the original, named payee, the plaintiff must establish that the note was endorsed (either in favor of the original plaintiff or in blank) before the filing of the complaint in order to prove standing as a holder.

*Id.* at 353 (internal citations omitted). "A plaintiff's lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed and cannot be established retroactively by acquiring standing to file a lawsuit after the fact." *LaFrance v. U.S. Bank Nat'l Ass'n*, 141 So. 3d 754, 756 (Fla. 4th DCA 2014) (citation omitted) (internal quotation marks omitted).

5

A "person entitled to enforce" an instrument is: "1) [t]he holder[1] of the instrument; 2) [a] nonholder in possession of the instrument who has the rights of a holder; or 3) [a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to s[ection] 673.3091 or s[ection] 673.4181(4)." § 673.3011, Fla. Stat. (2014); *see Mazine v. M & I Bank*, 67 So. 3d 1129, 1131 (Fla. 1st DCA 2011). "A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." § 673.3011, Fla. Stat.

JPMorgan alleged that it was the note holder, but it failed to prove its holder status at trial. JPMorgan did not attach the note to the complaint. It introduced a copy of the note at trial, which contained an attached allonge indicating a blank endorsement from "JP Morgan Chase Bank, NA Successor in Interest by Purchaser from the FDIC as receiver of Washington Mutual Bank F/K/A Washington Mutual Bank, FA." However, PennyMac Loan Services' witness did not testify to when the allonge was attached to the note or when the endorsement occurred. No other record evidence indicated when it occurred or when JPMorgan became the note holder. *See Peoples v. Sami II Trust 2006–AR6*, 178 So. 3d 67, 69–70 (Fla. 4th DCA 2015).

Although JPMorgan does not meet any of the requirements of a holder—and does not attempt to prove it did—it argues it proved standing because it owned the note and mortgage when it initiated the foreclosure action. It argues the 2008 PAA and a 2014 assignment of mortgage proved ownership. We disagree.

To prove its standing to foreclose, JPMorgan would have to prove it was "[a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to s[ection] 673.3091 or s[ection] 673.4181(4)." § 673.3011(3), Fla. Stat. "[N]othing in [section 673.3011] allows an 'owner' to enforce the note without possession, except where the instrument is lost or destroyed." *Snyder v. JP Morgan Chase Bank, Nat'l Ass'n*, 169 So. 3d 1270, 1273 (Fla. 4th DCA 2015). Therefore, JPMorgan would have to prove: (1) it was the owner, and (2) reestablishment of the lost note under section 673.3091. *See id.*

Here, there was no proof that JPMorgan had possession of the note at the time it filed the complaint. JPMorgan acknowledged that the note was

---

[1] A "holder" is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat. (2014).

lost and not in its custody or control.  Because the original note was never filed with the court and there was no other evidence of possession, no competent substantial evidence exists of possession.  *See id.* at 1272.  And, similar to *Snyder*, there exists no competent substantial evidence of ownership.  The PAA has caveats where JPMorgan could refuse to acquire assets and there is no record evidence that the FDIC transferred the note to JPMorgan before the complaint was filed.  *Id.*  We reverse the final judgment of foreclosure based on JPMorgan's failure to prove standing.

*We reverse and remand for entry of an involuntary dismissal of the foreclosure complaint.*

FORST, J., and SCHER, ROSEMARIE, Associate Judge, concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

7