DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST, MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-7,**
Appellant,

v.

**SILVIA VITERI, JPMORGAN CHASE BANK, GREG WILLIAMS** and **SOPHIA PARIDES,**
Appellees.

Nos. 4D17-3689
and 4D18-388

[February 13, 2019]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 50-2012-CA-009316-XXXX-MB.

James H. Wyman of Hinshaw & Culbertson LLP, Coral Gables, for appellant.

Adriana C. Clamens and Jeffrey Harrington of Harrington Legal Alliance, West Palm Beach, for appellee, Silvia Viteri.

PER CURIAM.

Following a nonjury trial, the lower court dismissed the plaintiff's foreclosure case for lack of standing. Because we find the plaintiff established its standing by possession of the original note indorsed in blank, we reverse.[1]

Deutsche Bank brought this foreclosure action "as trustee" for the Harborview Mortgage Loan Trust. Attached to the complaint was a note bearing a blank indorsement which was executed by the original lender.

---

[1] The borrower also appeals a post-judgment order denying her motion for attorneys' fees as the prevailing party. We affirm without reaching the merits of the borrower's motion based on our reversal of the final judgment.

At trial, the original note bearing the same blank indorsement was placed into evidence. The bank's witness testified that the original note and the note attached to the complaint were identical and that the bank had physical possession of the original note before the complaint was filed.

The borrower retained an expert in securitization of promissory notes. The expert testified that the paperwork required to place the borrower's loan into the Harborview Mortgage Loan Trust pool was not executed before the pool closing date. The expert concluded and opined that the borrower's loan was never placed in the trust pool.

In her motion for involuntary dismissal, the borrower argued that the bank was required to show that the note and mortgage were part of the pool of loans belonging to the trust when the trust was created. The court granted the borrower's motion, finding that the bank failed to establish its standing to initiate the foreclosure action because it failed to prove that the note went into the trust.

When a party is not the original lender, there are various ways it can establish standing to foreclose. *Jelic v. LaSalle Bank, Nat'l Ass'n*, 160 So. 3d 127, 129 (Fla. 4th DCA 2015). One way is to submit a note with a blank indorsement. *Id.*

> If a note is indorsed in blank, it is payable to the *bearer* and is "negotiated by *transfer of possession alone*." § 673.2051(2), Fla. Stat. (2014) (emphasis added). Where the plaintiff's status as holder relies on a blank indorsement, the plaintiff must establish that it had possession of the original note, indorsed in blank, when the complaint was filed.

*Calvo v. U.S. Bank Nat'l Ass'n,* 181 So. 3d 562, 564 (Fla. 4th DCA 2015).

Here, the bank established its standing as holder by its possession of the original note indorsed in blank when the complaint was filed. Once the bank established its standing as holder, the trust's role was not relevant to the foreclosure proceeding. *See HSBC Bank USA, Nat'l Ass'n v. Buset*, 241 So. 3d 882, 889 (Fla. 3d DCA 2018) ("[O]wnership is not relevant to standing so much as the question of who is the ultimate beneficial owner of the proceeds of the foreclosure, an issue not normally or necessarily part of a foreclosure case.").

The trial court erred in granting the borrower's motion for involuntary dismissal. We reverse and remand for further proceedings.

*Reversed and remanded.*

Gross, May and Damoorgian, JJ., concur.

\*   \*   \*

**Not final until disposition of timely filed motion for rehearing.**