DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
HOLDERS OF CSAB 2007-1,**
Appellant,

v.

**RICHARD CLARKE** a/k/a **RICHARD C. CLARKE, PAULA PRINSEN,
BROWARD, A POLITICAL SUBDIVISION OF THE STATE OF FLORIDA,**
and any unknown heirs, devisees, grantees, creditors, and other
unknown persons or unknown spouses claiming by, through and under
any of the above-named defendants,
Appellees.

No. 4D14-3398

[ May 25, 2016 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Kathleen D. Ireland, Judge; L.T. Case No. CACE08-
061787 (11).

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of
Akerman LLP, Fort Lauderdale and Joseph S. Troendle of Akerman LLP,
Jacksonville, for appellant.

Jonathan Kline of Jonathan Kline, P.A., Weston, for Appellee Richard
Clarke.

PER CURIAM.

U.S. Bank National Association, as Trustee for the Holders of CSAB
2007-1 ("U.S. Bank"), appeals a final judgment in favor of the borrower in
U.S. Bank's foreclosure action. Because U.S. Bank proved its entitlement
to foreclose, we reverse and remand for entry of judgment in U.S. Bank's
favor.

U.S. Bank filed a foreclosure complaint against the borrower, attaching
a copy of the note with a blank endorsement. The case eventually

proceeded to trial.[1]  After trial, the court ruled that U.S. Bank lacked standing for two reasons: (1) the trust named as the plaintiff was not the same as the trust named in the Power of Attorney for the servicer of the loan; and (2) there was no evidence presented that U.S. Bank was in possession of the note at the time the lawsuit was filed.  However, the court found that U.S. Bank proved damages and proved its compliance with Paragraph 22 of the mortgage.  U.S. Bank appealed the trial court's ruling.

We apply a *de novo* standard of review to the question of whether a plaintiff proved its standing to bring an action.  *Dixon v. Express Equity Lending Grp.*, 125 So. 3d 965, 967 (Fla. 4th DCA 2013).

The plaintiff's standing is a crucial element in any mortgage foreclosure proceeding and must be established at the inception of the lawsuit.  *McLean v. JP Morgan Chase Bank Nat'l Ass'n,* 79 So. 3d 170, 173 (Fla. 4th DCA 2012).  A plaintiff has standing to foreclose if it is entitled to enforce the promissory note under Florida's enactment of the Uniform Commercial Code.  *See, e.g., Kenney v. HSBC Bank USA, Nat'l Ass'n,* 175 So. 3d 377, 379 (Fla. 4th DCA 2015).

Where a copy of a note is attached to a complaint and the plaintiff later files with the court the original note in the same condition as the copy attached to the complaint, "the combination of such evidence is sufficient to establish that the [plaintiff] had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action, absent any testimony or evidence to the contrary." *Ortiz v. PNC Bank, Nat'l Ass'n,* 4D15–242, 41 Fla. L. Weekly D605, 2016 WL 1239760 at *2 (Fla. 4th DCA Mar. 30, 2016).  This rule is consistent with case law from our sister courts.  *See, e.g., Am. Home Mortg. Servicing, Inc. v. Bednarek,* 132 So. 3d 1222, 1223 (Fla. 2d DCA 2014) (concluding that there was sufficient evidence of standing when the note attached to the original complaint contained the blank endorsement and the plaintiff introduced the original note at trial).

We need not look to the Power of Attorney to determine the issue of standing, as U.S. Bank's standing turns on whether it was entitled to

---

[1] Without further comment, we reject the borrower's suggestion in the answer brief that U.S. Bank's witness had no authority to testify.  U.S. Bank's ability to call the witness derived from the evidence code, not from the terms of the Power of Attorney.  It is well-settled that any witness may testify as to matters within the witness's personal knowledge.  *Serrano v. State*, 15 So. 3d 629, 638 (Fla. 1st DCA 2009).

enforce the note from the outset of the case.[2]  Here, the copy of the note attached to the complaint contained a blank endorsement.  Moreover, the original note was introduced into evidence at trial and matched the copy of the note attached to the complaint.  This combination of evidence was sufficient to establish, absent any testimony or other evidence to the contrary, that U.S. Bank had possession of the blank-endorsed note at the time the complaint was filed and therefore had standing to bring the foreclosure action as the holder of the note.

Finally, because the trial court specifically found that U.S. Bank proved its damages and proved its compliance with the conditions precedent to foreclosure, we reverse and remand for entry of judgment in favor of U.S. Bank.

*Reversed and Remanded.*

CIKLIN, C.J., TAYLOR and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] In any event, any difference between the wording of the trust named in the Power of Attorney and the wording of the trust named in the complaint appears to be immaterial.

3