*688
ON MOTION FOB REHEARING AND REHEARING EN BANC OF AP-PELLEE ROBERT FROST

Per Curiam.
We grant appellee’s motion for rehearing, withdraw our previous opinion, and substitute the following in its place.[1]
In this mortgage foreclosure action, PennyMac Corporation appeals from a final order granting the borrower’s motion for involuntary dismissal and entering judgment in favor of the borrower. We affirm, because the trial court properly dismissed the action after PennyMac failed to present competent substantial evidence of its standing to enforce the note.
In 2007, the borrower executed a note and mortgage in favor of Washington Mutual Bank, F.A. The note contains a blank indorsement made by Washington Mutual, but it was marked “VOID.” The note also contains an allonge with a purported blank indorsement by “JPMorgan Chase Bank, National Association, successor in interest by purchase from the FDIC as Receiver of Washington Mutual Bank, f/k/a Washington Mutual Bank, F.A.” The borrower defaulted on the loan and PennyMac filed this foreclosure action.
At trial, PennyMac presented evidence that it possessed the original note with the indorsement by JPMorgan at the time the complaint was filed. The borrower moved for involuntary dismissal on the ground that PennyMac failed to show how JPMor-gan had the right to enforce the note at the time JPMorgan transferred the note to PennyMac. The trial court granted the borrower’s motion for involuntary dismissal, prompting this appeal.
The issue of whether a foreclosure plaintiff proved its standing is reviewed de novo. Boyd v. Wells Fargo Bank, N.A., 143 So.3d 1128, 1129 (Fla. 4th DCA 2014).
On appeal, PennyMac argues that the involuntary dismissal should be reversed because PennyMac “irrefutably established” that it possessed the original note indorsed in blank from the inception of the case. PennyMac contends that the indorsement by JPMorgan was presumed to be authentic and authorized. The underlying premise of PennyMac’s argument, however, is flawed because the indorsement by JPMorgan did not constitute a blank indorsement.
“A plaintiff has standing to foreclose if it is entitled to enforce the promissory note under Florida’s enactment of the Uniform Commercial Code.” U.S. Bank Nat’l Ass’n v. Clarke, 192 So.3d 620, 622 (Fla. 4th DCA 2016). Under the UCC, a “person entitled to enforce” a negotiable instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce. § 673.3011(1)-(3), Fla. Stat. (2015).
A “holder” is “[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.” § 671.201(21)(a), Fla. Stat. (2015). Thus, a plaintiff who is not the original lender may establish its standing to foreclose with proof that it was in possession of the original note with a blank or special indorsement when it filed the complaint. Kenney v. HSBC Bank USA, Nat’l Ass’n, 175 So.3d 377, 379 (Fla. 4th DCA 2015).
Generally, “if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder.” *689 § 678.2011(2), Fla. Stat. (2015) (emphasis added). By definition, a “blank indorsement” must be “made by the holder” of the note. § 673.2051(2), Fla. Stat. (2015).
An indorsement “made by a person who is not the holder” of the note is defined as an “anomalous indorsement.” § 673.2051(4), Fla. Stat. (2015). “An anomalous indorsement does not affect the manner in which the instrument may be negotiated.” Id.
Here, from the face of the note, JPMor-gan’s indorsement was an anomalous in-dorsement, not a blank indorsement. Because the indorsement by the original lender was void, JPMorgan could not have been a holder of the note. At best, JPMor-gan may have been a nonholder in possession of the note with the rights of a holder. Thus, because JPMorgan was not a holder of the note, JPMorgan’s indorsement was not a blank indorsement and did not negotiate the note.
Any rights PennyMac had to the note were purely derivative to those of JPMorgan. “A transfer vests in the transferee only the rights enjoyed by the trans-feror, which may include the right to enforcement, through the shelter rule.” Murray v. HSBC Bank USA, 157 So.3d 355, 358 (Fla. 4th DCA 2015) (citation, internal quotation marks, and brackets omitted). To prove standing as a nonholder in possession with the rights of a holder, the plaintiff must prove the chain of transfers starting with the first holder of the note. Id. at 357-58. Where the plaintiff “cannot prove that [a transferor] had any right to enforce the note, it cannot derive any right from [the transferor] and is not a nonholder in possession of the instrument with the rights of a holder to enforce.” Id. at 359.
In this case, because JPMorgaris in-dorsement was merely an anomalous in-dorsement, PennyMac’s possession of the note did not make it a holder. Therefore, PennyMac needed to establish its standing by showing that it was a nonholder in possession of the note with the rights of a holder, which required PennyMac to prove the chain of transfers in accordance with Murray. Correspondingly, PennyMac was required to prove that JPMorgan, as the transferor, had the right to enforce the note at the time of the transfer. PennyMac failed to do so at trial.
PennyMac argues that JPMorgaris in-dorsement on the note was presumed to be authentic and authorized. This argument is beside the point. To be sure, a signature on an instrument is generally “presumed to be authentic and authorized.” § 673.3081(1), Fla. Stat. (2015). However, the issue of whether a signature on an indorsement is “authentic and authorized” is a separate question from the legal effect of the indorsement. Stated another way, the presumption that a signature on an indorsement is “authentic and authorized” does not mean we must presume that JPMorgan was a holder of the note or that JPMorgaris indorsement negotiated the note. To the contrary, the note on its face demonstrates that JPMorgaris indorsement was an anomalous indorsement, rather than a blank indorsement.
In sum, because PennyMac failed to prove that it was entitled to enforce the note, we affirm the trial court’s entry of an involuntary dismissal.

Affirmed.

Taylor, Levine and Conner, JJ., concur.

. In light of this disposition, appellee’s motion for rehearing en banc is denied as moot.