Klingensmith, J.
Bank of New York Mellon (“Bank”) appeals the trial court’s order granting Lisa Kay Heath (“Borrower”) an involuntary dismissal due to Bank’s lack of standing. We find it was error for the court to dismiss the foreclosure action, and reverse for a new trial.
After Borrower defaulted on the loan, Select Portfolio Servicing (“SPS”), on behalf of Bank, filed a foreclosure complaint against Borrower, alleging that Bank was holder of the note and entitled to enforce its terms. A copy of the note was attached to the complaint. Attached to the note was an allonge with three endorsements, one of which was endorsed in blank.
At trial, Bank admitted the original note and allonge into evidence, which were identical to the copies attached to the complaint. A representative of SPS testified that SPS serviced Borrower’s loan, and that Borrower’s note and allonge were in SPS’s possession when the complaint was filed. Bank also admitted two limited power of attorney documents. One of those documents specifically provided SPS the power to initiate foreclosure actions on Bank’s behalf, and both documents referenced the pooling and servicing agreement (“PSA”).
When Bank attempted to introduce the PSA into evidence, Borrower objected on the grounds that at the SPS representative’s deposition, Bank’s attorney prohibited Borrower’s attorney from questioning the SPS representative about the PSA because Bank would not use the PSA at trial. The court agreed with Borrower and precluded Bank from admitting the PSA, as well as the mortgage loan schedule contained therein.
Borrower later moved for involuntary dismissal, arguing that Bank lacked standing because the PSA, which was not admitted into evidence, was the document that specifically authorized SPS to act on Bank’s behalf. Agreeing with Borrower’s reasoning, the court granted the motion for involuntary dismissal without prejudice. This appeal followed.
The standard of review for an order granting a motion for involuntary dismissal is de novo. Deutsche Bank Nat’l Tr. Co. v. Huber, 137 So.3d 562, 563 (Fla. 4th DCA 2014). “An involuntary dismissal or directed verdict is properly entered only when the evidence considered in the light most favorable to the non-moving" party fails to establish a prima facie case on the non-moving party’s claim.” McCabe v. Hanley, 886 So.2d 1053, 1055 (Fla. 4th DCA 2004) (quoting Hack v. Estate of Helling, 811 So.2d 822, 825 (Fla. 5th DCA 2002)).
“[Standing is a crucial element in any mortgage foreclosure proceeding, and must be established at the inception of the lawsuit.” U.S. Bank Nat’l Ass’n v. Clarke, 192 So.3d 620, 622 (Fla. 4th DCA 2016). A plaintiff has standing to foreclose if the plaintiff is the holder of the promissory *106 note. See § 673.3011(1), Fla. Stat. (2014). A “holder” is defined as “[t]he person in. possession of .a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.” § 671.201(21)(a), Fla. Stat. (2014), In other words, a plaintiff who is not the original payee has standing to foreclose if the plaintiff, before filing the complaint, possesses the note and the note is endorsed to the plaintiff specifically or in blank.
Here, Bank established standing because the original note and blank-endorsed allonge was properly authenticated and introduced into evidence at trial, which was identical to the copy of the note and blank-endorsed allonge attached to the complaint. See Clarke, 192 So.3d at 622 (holding that a blank-endorsed original note introduced into evidence that matched copy of the note attached to complaint was “sufficient to establish,' absent any testimony of other evidence to the contrary, that [foreclosing bank] had possession of the blank-endorsed note at the time the complaint was- filed and therefore had standing to bring the foreclosure action as the holder of the note”).
Moreover, even though SPS physically possessed the note at the time the complaint was filed, Bank had standing because the testimony and evidence introduced at trial established that SPS, on behalf of Bank, was the servicer for Borrower’s loan. See Caraccia v. U.S. Bank, Nat’l Ass’n, 185 So.3d 1277, 1279 (Fla. 4th DCA 2016) (holding that when bearer paper is at issue and there is an agency relationship, “the element of possession can be met through either actual or constructive possession”). Constructive possession is, “possession in which a person ‘has such control over the property that he may deliver the possession of it, if he so desires, as for example, where an agent holds property for his principal.’” Id. (quoting Bush v. Belenke, 381 So.2d 315, 316 (Fla. 3d DCA 1980)).
Therefore, even without the PSA and mortgage loan schedule, Bank established standing. Accordingly, we reverse the trial court’s involuntary dismissal order and remand this case for a new trial.[1]

Reversed and Remanded for new trial.

Taylor and Gerber, JJ., concur.

. On appeal, Bank also argues that the trial court abused its discretion when it excluded the PSA and mortgage loan schedule from evidence. We disagree. Allowing the PSA into evidence after Bank's attorney stated at the deposition that the PSA would not be used at trial would have prejudiced Borrower and rewarded Bank for misleading Borrower’s attorney. It does not comport with fundamental fairness for an attorney to mislead an opponent, even unintentionally, and then reap the benefits. Therefore, on remand, Borrower shall have the right to, conduct another deposition of the SPS representative and question the representative about the PSA.