DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCIA SUPRIA,**
Appellant,

v.

**GOSHEN MORTGAGE, LLC,** in substitution for the original Plaintiff
**CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND
SOCIETY FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN
TRUST, SERIES 2012-13,**
Appellee.

No. 4D16-4356

[December 6, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Kathleen D. Ireland, Judge; L.T. Case No. 13-027100
CACE (11).

Catherine A. Riggins, Miami, for appellant.

Thomas Wade Young and Joseph B. Towne of Lender Legal Services,
LLC, Orlando, for appellee.

GROSS, J.

In this mortgage foreclosure case, the underlying mortgage was passed
around like the flu, giving rise to a complexity of ownership that frustrated
the appellee's attempts to demonstrate standing at trial. To the answer
brief, the appellee attached a chart of the ownership lineage of the
mortgage and note, with different types of arrows pointing in all directions,
a valiant effort which demonstrated that the transfer history here defies
pictorial representation.

On the original note, Centerpointe Financial, Inc. is the lender. There
is no blank indorsement from Centerpointe. There was an allonge
purporting to effect a transfer, but the allonge was lost and not produced
at trial. Appellee conceded at trial that it was not a holder of the note, but
contended that it qualified as a nonholder in possession with the rights of
a holder.

"A nonholder in possession may prove its right to enforce the note through: (1) evidence of an effective transfer; (2) proof of purchase of the debt; or (3) evidence of a valid assignment." *Bank of N.Y. Mellon Tr. Co., N.A. v. Conley*, 188 So. 3d 884, 885 (Fla. 4th DCA 2016). "A nonholder in possession must account for its possession of the instrument by proving the transaction (or series of transactions) through which it acquired the note." *Id.* (citing *Murray v. HSBC Bank USA*, 157 So. 3d 355, 358 (Fla. 4th DCA 2015)).

Therefore, "[t]o prove standing as a nonholder in possession with the rights of a holder, the plaintiff must prove the chain of transfers starting with the first holder of the note." *PennyMac Corp. v. Frost*, 214 So. 3d 686, 689 (Fla. 4th DCA 2017) (citing *Murray*, 157 So. 3d at 357-58). "Where the plaintiff 'cannot prove that [a transferor] had any right to enforce the note, it cannot derive any right from [the transferor] and is not a nonholder in possession of the instrument with the rights of a holder to enforce.'" *PennyMac*, 214 So. 3d at 689 (quoting *Murray*, 157 So. 3d at 359).

Here, the first assignment of the note was invalid, because nothing in evidence demonstrated that the assignor had the authority to transfer or assign an interest in the note. Similarly, a second assignment was also invalid because nothing demonstrated that the assignor had an interest in the note that it could transfer. Among other problems, the third and fifth assignments transferred the mortgage, but not the note. The fourth assignment was infirm because of the problems with the earlier assignments.

One legal problem created by the third and fifth assignment is that a "mortgage follows the assignment of the promissory note, but an assignment of the mortgage without an assignment of the debt creates no right in the assignee." *Tilus v. Michai LLC*, 161 So. 3d 1284, 1286 (Fla. 4th DCA 2015). "'[A] mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt'— not the other way around." *Peters v. Bank of N.Y. Mellon*, 227 So. 3d 175, 180 (Fla. 2d DCA 2017) (quoting *Johns v. Gillian*, 184 So. 140, 143 (Fla. 1938)). The oblique reference in the assignments of mortgage to "moneys now owing" was not sufficient to transfer an interest in the note. *See Jelic v. BAC Home Loans Servicing, LP*, 178 So. 3d 523, 525 (Fla. 4th DCA 2015).

Because appellee failed to establish its standing to foreclose, we reverse the final judgment and remand for the entry of judgment for the appellant.

MAY and KLINGENSMITH, JJ., concur.

\*       \*       \*

*Not final until disposition of timely filed motion for rehearing.*