IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEUTSCHE BANK TRUST COMPANY
AMERICAS, AS TRUSTEE FOR RESIDENTIAL
ACCREDIT LOANS, INC., MORTGAGE
ASSET BACKED PASS-THROUGH
CERTIFICATES SERIES 2007-QS11,

      Appellant,

 v.                                 Case No.  5D16-3486

CARLOS MERCED, JR.
and ALETHEA MERCED,

      Appellees.
_____/

Opinion filed March 2, 2018

Appeal from the Circuit Court for
Brevard County,
John Dean Moxley, Jr., Senior
Judge.

William L. Grimsley and N. Mark New II,
of McGlinchey Stafford, Jacksonville,
and Jennifer M. Chapkin of McGlinchey
Stafford, Fort Lauderdale, for Appellant.

Mark P. Stopa, of Stopa Law Firm,
Tampa, for Appellees.

COHEN, C.J.,

      Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit

Loans, Inc., Mortgage Asset Backed Pass-Through Certificates Series 2007-QS11

("Deutsche Bank"), appeals a final judgment of involuntary dismissal entered in favor of

Carlos Merced, Jr. and Alethea Merced. We reverse and remand for a new trial.

In 2015, Deutsche Bank filed a complaint seeking to foreclose the Merceds' residential mortgage. Before trial, the court entered a partial summary judgment finding that Deutsche Bank had standing to foreclose, and that ruling has not been challenged on appeal. The court held a non-jury trial on the remaining issues of compliance with conditions precedent and the amount due and owing on the note.

At trial, Deutsche Bank presented Dorothy Thomas as a witness. Thomas is a corporate representative of PNC Bank, National Association S/B/M to National City Mortgage, a division of National City Bank ("PNC"), the servicer of the subject loan. Thomas testified that she had worked as a senior default litigation specialist for PNC since 2009. She also testified that she had worked in the same position at a division of National City Bank since 1992. National City was the original servicer and merged with PNC in 2009.

Thomas testified that she was familiar with the Merceds' mortgage account based on her review of the payment history, correspondence such as PNC's demand letter to the Merceds, system notes, and copies of the note, mortgage, and assignments that were contained in PNC's system of record. She testified to the programs PNC used to maintain records and that the records in the system were true and accurate copies of what was scanned into PNC's system.

Deutsche Bank then moved to enter a series of business record exhibits into evidence, including a limited power of attorney and a copy of a loan modification document. Thomas testified to recognizing and personally reviewing all of the proposed documents, her familiarity with PNC's and National City's policies and procedures regarding the documents, that the documents were created near or at the time of the

2

respective event by a person with knowledge, and to PNC's duty to maintain the documents truthfully and accurately in its regular course of business. The Merceds stipulated to the entry of several of the documents into evidence but moved to exclude the power of attorney for lack of foundation. The court excluded the power of attorney, finding that it did not qualify for the business records exception to hearsay.

The Merceds then moved to strike Thomas as a witness based on the exclusion of the power of attorney, arguing that she lacked contractual authority to appear on behalf of Deutsche Bank. The court agreed and struck Thomas as a witness. Therefore, Deutsche Bank was unable to enter several business records into evidence, including a copy of the loan modification document. Ultimately, the trial court granted the Merceds' motion for involuntary dismissal based on the absence of the loan modification document, concluding that it was unable to calculate the amount due and owing. This appeal followed.

The dispositive issue on appeal is that the trial court abused its discretion in striking Thomas as a witness based on the exclusion of the power of attorney. Proof of contractual authority to testify is not required for a witness to lay the foundation for the business records exception to hearsay because a witness may testify to matters within his or her personal knowledge. See U.S. Bank Nat'l Ass'n v. Clarke, 192 So. 3d 620, 621 n.1 (Fla. 4th DCA 2016). Section 90.803(6), Florida Statutes, provides that business records may be "shown by the testimony of the custodian or other qualified witness" and does not impose the requirement that such individuals be contractually authorized to so testify.[1]

---

[1] Although the power of attorney was excluded, it was irrelevant to Thomas's ability to testify on behalf of PNC. The excluded power of attorney would be relevant to the issue of PNC's standing to foreclose as servicer of the loan. See Russell v. Aurora Loan Servs.,

Thomas was a qualified witness, and the court abused its discretion in striking her testimony. Under the business records exception, a party must present the business record via one of the following: "(1) testimony of the records custodian or other qualified witness, pursuant to section 90.803(6)(a), Florida Statutes; (2) stipulation; or (3) certification or declaration . . . . [T]he authenticating witness need not be 'the person who actually prepared the business records.'" Nationstar Mortg., LLC. v. Berdecia, 169 So. 3d 209, 213 (Fla. 5th DCA 2015) (citations omitted). The party must then establish that "(1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record." Id. at 212–13 (citing Yisrael v. State, 993 So. 2d 952, 956 (Fla. 2008)).

Thomas testified that she had worked as a senior default litigation specialist for National City and PNC for twenty-four years, that she was familiar with National City and PNC's policies and procedures with respect to servicing loans, and that PNC was the servicer of the loan at issue. She also testified that she was familiar with the Merceds' mortgage account, the documents in their account were created near or at the time of the occurrence of the event by a person with knowledge, PNC had a duty to maintain those documents truthfully and accurately, and PNC kept the documents in its regular course of business. Thus, Thomas's testimony demonstrated sufficient personal knowledge of PNC's business relationship with Deutsche Bank and PNC's record-keeping system to

---

163 So. 3d 639 (Fla. 2d DCA 2015) (finding that power of attorney by which trustee that owned mortgage loan granted limited powers to current loan servicer was insufficient to establish that prior loan servicer, and therefore current loan servicer, had standing to foreclose at the time it filed the foreclosure action). Here, however, PNC was not the party attempting to foreclose.

lay the foundation for Deutsche Bank's business records, including the dispositive copy of the loan modification document. Cf. Bank of N.Y. v. Calloway, 157 So. 3d 1064 (Fla. 4th DCA 2015) (finding that mortgagee's witness laid a proper foundation to admit mortgagor's payment history under the business records hearsay exception based on her "demonstrated knowledge of the accuracy of the records").

We decline the Merceds' invitation to treat the error in excluding Thomas as harmless. The effect of the court striking Deutsche Bank's sole witness was to deny it the right to introduce dispositive evidence. See Dobson v. U.S. Bank Nat'l Ass'n, 217 So. 3d 1173, 1174 (Fla. 5th DCA 2017) (explaining that the due process right to be heard includes the right "to introduce evidence at a meaningful time and in a meaningful manner," as well as the right "to testify and call witnesses on [a party's] behalf" (citations omitted)). Accordingly, we reverse and remand for a new trial.

REVERSED AND REMANDED.

SAWAYA and BERGER, JJ., concur.