DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** As Trustee For GSR
Mortgage Loan Trust 2006-OA1, Pass-Through Certificates, Series 2006-
OA1,
Appellant,

v.

**FLEMING HARRIS,** et al.,
Appellees.

No. 4D19-2812

[August 12, 2020]

Appeal from the Circuit Court of the Seventeenth Judicial Circuit,
Broward County; Frank Ledee, Judge; L.T. Case No. CACE-15-12995.

Shawn Taylor and Brandi Nicole Wilson of DeLuca Law Group, PLLC,
Fort Lauderdale, for appellant.

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for
appellee Harris.

CURLEY, G. JOSEPH, Associate Judge.

Deutsche Bank National Trust Company, ("Deutsche Bank") appeals
the trial court's Final Judgment based on lack of standing in favor of
appellee Fleming Harris ("the borrower"). Deutsche Bank also appeals the
trial court's order denying Deutsche Bank's motion for rehearing. We
reverse and remand for further proceedings.

### *Background*

As Trustee for GSR Mortgage Loan Trust 2006-OA1, Pass-Through
Certificates, Series 2006-OA1, Deutsche Bank filed a verified mortgage
foreclosure complaint, seeking to foreclose a mortgage on the borrower's
property. The mortgage secured a note in the amount of $220,000.00 to
the original lender, Solutions Funding, Inc. Deutsche Bank attached a
copy of the note to its complaint that included two indorsements: the first
from the original lender, Solutions Funding, to IndyMac Bank, F.S.B.
("IndyMac"), and the second from IndyMac to blank.

In his answer and affirmative defenses, the borrower claimed that Deutsche Bank lacked standing. The borrower asserted that the indorsement from IndyMac in blank was anomalous because IndyMac ceased to exist as of January 2008. The borrower suggested that the indorsement was made between March 21, 2011, and September 18, 2013. The borrower offered a different copy of the note that was included with a prior foreclosure action in which the indorsement from IndyMac in blank did not appear. The borrower argued the possibility that IndyMac may not have been in existence when the note was indorsed. The borrower asserted that "the indorsement is an anomalous indorsement and may be fraudulent."

At trial, Deutsche Bank presented testimony from a loan servicer on the history of the note. Among other things, the loan servicer testified that a previous servicer, One West Bank (the "first servicer"), had serviced the note following a merger with IndyMac. When asked whether previous copies of the note contained the indorsements by Solutions Funding to IndyMac and from IndyMac in blank, the loan servicer testified that many copies of the note contained those indorsements and that he had seen multiple copies of the note which had been imaged into the servicing processing systems.

Deutsche Bank also asserted that it was entitled to use *Ortiz v. PNC Bank, N.A.,* 188 So. 3d 923, 925 (Fla. 4th DCA 2016), to demonstrate standing because it possessed the original note indorsed in blank which was an exact copy of the note attached to its complaint. The borrower asserted that proof of an anomalous indorsement would trump *Ortiz.* Deutsche Bank countered that the borrower failed to prove his fraud defense and had offered only speculation that the note was indorsed in blank only after IndyMac ceased to exist based on a prior case complaint that attached a different copy of the note. Moreover, Deutsche Bank argued it established standing through the testimony of the loan servicer that he had seen the note indorsed in blank and the establishment of the *Ortiz* presumption. No testimony was offered by IndyMac or any other witnesses that the indorsement was unauthorized or otherwise anomalous.

The trial court ruled that Deutsche Bank lacked standing due to an anomalous indorsement. The trial court held that because the indorsement did not specifically give the first servicer the ability to enforce the note, "that particular [i]ndorsement fails and it is, for all intent[s] and purposes, an anomalous [i]ndorsement." In the trial court's view, due to what it believed was an anomalous indorsement in blank, the only party who could have acted on the note was IndyMac.

Deutsche Bank filed a motion for rehearing and argued it had produced competent evidence of standing because the note was indorsed in blank. In the same motion, Deutsche Bank also argued that the borrower had offered only speculation to meet his burden of proof to show the indorsement was unauthorized or fraudulent when made, as he had specifically pled in his affirmative defense.

The trial court denied the motion for rehearing.

### *Analysis*

The borrower argues the trial court properly found that the note had an anomalous indorsement. Deutsche Bank maintained its position that it possessed standing because the note had a blank indorsement and the holder of a blank-indorsed note should have been presumed to possess standing under *Ortiz*. Deutsche Bank also asserted that the borrower's evidence was nothing more than speculation premised on a complaint from an earlier case, which should have been disregarded in the face of the loan servicer's testimony and *Ortiz.*

In a foreclosure proceeding, where the trial court's findings are based on fact, the standard of review is abuse of discretion while any legal conclusions are subject to de novo review. *Gonzalez v. Fed. Nat'l Mortg. Ass'n*, 276 So. 3d 332, 335 (Fla. 3d DCA 2018).

A holder is "in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat. (2019). "[I]f an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." § 673.2011(2), Fla. Stat. (2019).

A signature, "regardless of the intent of the signer," is an indorsement unless the instrument unambiguously indicates the intent was to not sign as an indorser. § 673.2041(1), Fla. Stat. (2019). The signature on an indorsement is presumed to be authentic and authorized. § 673.3081(1), Fla. Stat. (2019).

"When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." § 673.2051, Fla. Stat. (2019).

3

An indorsement "made by a person who is not the holder" of the note is an "anomalous indorsement." § 673.2051(4), Fla. Stat. (2019). However, "[a]n anomalous indorsement does not affect the manner in which the instrument may be negotiated." *Id.*

The trial court improperly found that the indorsement of the note was an anomalous indorsement. Although the borrower claimed that the note's second endorsement made by IndyMac in blank could not have been made by the note's holder because IndyMac did not exist at the time the indorsement was made, the indorsement made by IndyMac had no date. The borrower offered only speculation as to when the indorsement was actually made. The borrower offered no specific evidence that the indorsement was not made at an earlier time when IndyMac was in existence. On the other hand, Deutsche Bank offered evidence of the existence of the note's proper and timely indorsement and also relied on the *Ortiz* presumption, under which Deutsche Bank filed a copy of the note with blank indorsements and produced an identical, original copy of the note. Deutsche Bank was in fact the holder of an instrument payable to bearer. *See* § 671.201(21)(a).

Moreover, an instrument with an anomalous indorsement does not alter the negotiation of the instrument. *See* § 673.2051(4). If the instrument were payable to an identified person, negotiation would require indorsement by the holder. *See* § 673.2011(2). The indorsement on the note was made from IndyMac in blank, meaning the holder's indorsement was no longer required for negotiation. Because the note contained an indorsement in blank from IndyMac, Deutsche Bank was free to negotiate the instrument because it possessed the original note. *See* § 673.2051(2).

Additionally, an anomalous indorsement does not affect the manner of negotiation. *See* § 673.2051(4). An anomalous indorsement may indicate a break in the chain of transfer by which someone other than the holder is attempting to indorse the note. It is undisputed that IndyMac was the holder, as the loan servicer's testimony indicated. With this note, no break in the chain of transfer occurred: Solutions Funding indorsed to IndyMac, and IndyMac indorsed to blank. Because there was a special indorsement from Solutions Funding to IndyMac, IndyMac was the holder. As a result, IndyMac's indorsement was not anomalous. *See* § 673.2051(1); *see also* § 673.2051(4).

### *Standing*

The borrower argues that Deutsche Bank failed to prove standing. Deutsche Bank responds that it established its standing by showing

holder status, that is, by filing a copy of the note with blank indorsements and by producing the identical original of the note.  We agree.

"A plaintiff has standing to foreclose if it is entitled to enforce the promissory note under Florida's enactment of the Uniform Commercial Code." *U.S. Bank Nat'l Ass'n v. Clarke*, 192 So. 3d 620, 622 (Fla. 4th DCA 2016).  Under the UCC, a "person entitled to enforce" a negotiable instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person entitled to enforce a lost note.  § 673.3011(1)–(3), Fla. Stat. (2019).  A holder has "possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a). "A party may establish standing by showing that it was entitled to enforce the note at the time it filed suit."  *U.S. Bank Nat'l Ass'n. v. Becker*, 211 So. 3d 142, 144 (Fla. 4th DCA 2017).  A plaintiff who is not the original lender may establish its standing to foreclose with proof that it was in possession of the original note with a blank or special indorsement when it filed the complaint.  *See Kenney v. HSBC Bank USA, Nat'l Ass'n,* 175 So. 3d 377, 379 (Fla. 4th DCA 2015).

"A transfer vests in the transferee only the rights enjoyed by the transferor, which may include the right to enforcement, through the shelter rule."  *PennyMac Corp. v. Frost*, 214 So. 3d 686, 689 (Fla. 4th DCA 2017).  "To prove standing as a nonholder in possession with the rights of a holder, the plaintiff must prove the chain of transfers starting with the first holder of the note."  *Murray v. HSBC Bank USA,* 157 So. 3d 355, 358 (Fla. 4th DCA 2015).  "Where the plaintiff cannot prove that a transferor had any right to enforce the note, it cannot derive any right from the transferor and is not a nonholder in possession of the instrument with the rights of a holder to enforce."  *Cox v. U.S. Bank Tr. N.A.*, 291 So. 3d 1026, 1031–32 (Fla. 4th DCA 2020).

Deutsche Bank had standing to bring the foreclosure action.  *See* § 673.3011(1)–(3).  Although the Note did not identify Deutsche Bank as the bearer, Deutsche Bank was a holder in possession of a note payable to bearer.  *See* § 671.201(21)(a); *Kenney,* 175 So. 3d at 379.

Deutsche Bank relies on the presumption in *Ortiz.*  In *Ortiz,* this Court found that where a bank had actual possession of a note at the time a complaint is filed, attaches a copy of the note, and later files with the court the original note in the same condition as the copy, the bank is presumed to have sufficiently established actual possession of the note and standing to bring a foreclosure action.  188 So. 3d at 925.  The borrower argued

5

that *Ortiz* does not apply due to the alleged anomalous indorsement. For the reasons above, the borrower's effort to avoid *Ortiz* is unavailing.

Deutsche Bank had the right to enforce the note through the chain of transfer. *See Pennymac*, 214 So. 3d at 689. The two indorsements—from Solutions Funding to IndyMac and from IndyMac to blank—are properly connected, proving that Deutsche Bank is entitled to enforce as a holder. *See Murray*, 157 So. 3d at 358; *Cox*, 291 So. 3d at 1031–32. With the *Ortiz* presumption and the chain of transfers intact, Deutsche Bank properly demonstrated that it had standing to foreclose on the note.

### The Motion for Rehearing

"A denial of a motion for rehearing is reviewed under the abuse of discretion standard." *J.J.K. Intern., Inc. v. Shivbaran*, 985 So. 2d 66, 68 (Fla. 4th DCA 2008).

"If reasonable [persons] could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 4th DCA 1980).

Here, the trial court improperly denied Deutsche Bank's motion for rehearing. The trial court at the conclusion of the bench trial stated that the defect in Deutsche Bank's case was curable with proper indorsement from the successor in interest and with support from competent evidence. This information was not needed because the note had a blank indorsement. Deutsche Bank's motion for rehearing properly argued against an anomalous indorsement and showed it had provided adequate evidence otherwise and under the *Ortiz* presumption.[1]

### Conclusion

The circuit court's final judgment is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*

---

[1] The trial court was obviously influenced by the copy of the note from the earlier case which lacked an indorsement in blank. To reach its conclusion, the trial court would have been required to stack many inferences or engage in rank speculation that the note could not have been timely and properly indorsed in blank by a duly authorized IndyMac representative.

GROSS and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***